TOLSMA and another, Plaintiffs, vs. MILLER and another, Appellants : GLENS FALLS INDEMNITY COMPANY, Interpleaded Defendant and Respondent.

*March 11—April 13, 1943.*

For the appellants there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

For the respondent there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Glenn R. Dougherty.*

ROSENBERRY, C. J.　The questions involved are two:

Question 1.　Was Paul Miller at the time in question an agent or employee of any person or organization engaged in

operating an automobile-repair shop, public garage, sales agency, service station, or public parking place within the meaning of sec. 204.30 (3), Stats. ?

Question 2. Did the failure of the defendant, Paul Miller, to give a statement to the insurer without first consulting his attorney, where the insurer had previously denied liability to the driver, an action having already been brought by him and his employer against the insurer, constitute a refusal to co-operate?

The material facts, stated as briefly as may be, are as follows: Paul Miller was an employee of the Chrysler Motor Parts Corporation, a subsidiary of the Chrysler Motor Corporation. Joe Howard purchased from C. C. Dodge, the owner and operator of the Dodge garage, a Chrysler automobile, which he insured with the Glens Falls Indemnity Company against loss by reason of liability. The policy was in the usual form and contained the following exclusion clause:

"The provisions of this paragraph do not apply: . . .

"(c) to any person or organization, or to any agent or employee thereof, operating an automobile-repair shop, public garage, sales agency, service station, or public parking place, with respect to any accident arising out of the operation thereof. [Immaterial parts omitted.]"

Prior to July 17, 1941, Joe Howard made complaint concerning the condition of his automobile to the Chrysler Motor Corporation. Paul Miller was an employee of the Chrysler Motor Parts Corporation. He was not a repairman or automobile mechanic, had no place of business or office of any kind. The Chrysler Motor Parts Corporation neither makes nor sells automobiles. It does not operate a public automobile garage, a public parking place, or any establishment where automobiles are repaired. It operates no service station where gasoline is sold or any work or service is done on automobiles or automobiles are parked. It operates no automobile-sales agency or place where automobiles are sold. It sells replace-

ment parts to Chrysler, Dodge, and DeSoto dealers at wholesale.

After Howard made his complaint, the Chicago office instructed Miller to go to Waupun and see both the owner and the subdealer in an effort to adjust the complaint. Miller saw Howard and rode around town with him to see what was wrong with the car. They then drove to the C. C. Dodge garage. There is a dispute between Dodge and Miller as to what happened at the garage. With respect to that the trial court found in favor of Dodge's version which was that Miller remained at the Dodge garage, worked·on the Howard Chrysler sedan to remedy the defects in said automobile complained of by Mr. Howard and discovered by Mr. Miller in his checkup of said vehicle on the test runs made by him; that the said repairs, adjustment, and service to said automobile were made at the expense· of the Chrysler Motor Parts Corporation.

The court also found that the Chrysler Motor Parts Corporation was authorized to do business in the state of Wisconsin; that its charter authorized it—

"to manufacture, buy, sell, store, assemble, import, export, repair and deal in and with, either at wholesale, or retail, and as principal, agent, jobber, or otherwise, motors, engines, . . .

"To carry on the business of mechanical and electrical engineers . . . and any other similar business . . . conducive to any of the company's objects.

"To buy, sell and deal in . . . gasoline . . . and by-products thereof. . . . To carry on business as manufacturers, merchants, brokers . . . traders . . . dealers in all kinds of goods. . . ."

That the Chrysler Motor Parts Corporation through its employee, Paul Miller, did on the day in question, engage in the lines and activities authorized by its charter. The finding with respect to what the charter of the Chrysler Motor Parts Corporation contained is wholly immaterial. It is undisputed

in the case that the Chrysler Motor Parts Corporation did not operate a public automobile garage or an automobile-repair shop, a sales agency, or service station either in the state of Wisconsin or elsewhere. Assuming that the finding with respect to what Miller did in Dodge's shop is true, he was not doing it as an agent or employee of any person operating an automobile-repair shop, sales agency, service station, or public parking place. There is no evidence to sustain the finding that any expense was incurred by Miller or anyone else.

It is clear from the testimony and undisputed that Miller came to Waupun in response to a complaint made by Howard in respect to the Chrysler automobile; that he went there for the purpose of endeavoring to make an adjustment and satisfy the customer. He denies that he did any work upon the car, but assuming, as the court found, that he did, he was certainly not an employee of Dodge's garage. If he had taken the Howard car to an alley and repaired it, the situation would have been no different. The court was clearly in error in holding that Miller was not within the coverage of the policy issued by the Indemnity Company. At the time of the accident Miller was driving Howard's car with his permission; Miller was not in the employ of Dodge; the Chrysler Motor Parts Corporation, whose employee Miller was, was not engaged in operating an automobile-repair shop, public garage, sales agency, service station, or public parking place; therefore Miller was not within the exclusion clause of the policy but was covered by the policy.

In its answer to the cross complaint, the Indemnity Company set up as a defense the failure of Paul Miller and the Chrysler Motor Parts Corporation to co-operate with the Indemnity Company in the defense of the action. The action brought by the plaintiffs never went to trial. It was stipulated on behalf of the defendants, Miller and Chrysler Motor Parts Corporation, and the Indemnity Company, that a settlement might be made with the plaintiffs; the Indemnity Company

agreeing that it would accept the amount paid in settlement as the extent of its liability. It was further stipulated that the Indemnity Company never accepted the defense of the action and at all times took the position that there was no coverage under its policy.

The only request for co-operation made by the Indemnity Company was by its representative who sought a statement from Paul Miller after the cross complaint had been served, when Miller referred him to his counsel, whereupon counsel for Miller immediately advised the representative of the Indemnity Company that Miller was ready and willing to make such a statement. The trial court made no finding upon this matter nor was any requested. While the matter was argued in the brief of appellants, no mention was made of the matter in the brief of the respondent Indemnity Company. However, we are clear that under the circumstances of this case there was no lack of co-operation of which the Indemnity Company could avail itself.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to enter judgment in favor of the cross complainants against the interpleaded defendant for the stipulated amount, the appellants to recover their costs here.