BENDYKOWSKI and another, Plaintiffs and Respondents, v. HALL CHEVROLET COMPANY, INC., and another, Defendants and Respondents: OHIO FARMERS INDEMNITY COMPANY, Defendant and Appellant.

*May 4—June 7, 1960.*

For the appellant there were briefs by *Kivett & Kasdorf*, attorneys, and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis*.

For the respondents Bendykowski there was a brief by *Jesse J. Habush*, attorney, and *Howard A. Hartman* of counsel, both of Milwaukee, and oral argument by *Mr. Habush*.

For the respondents Hall Chevrolet Company, Inc., and Universal Underwriters Company there was a brief by *Wickham, Borgelt, Skogstad & Powell*, attorneys, and *Reuben W. Peterson, Jr.*, of counsel, all of Milwaukee, and oral argument by *Arthur Wickham*.

BROWN, J.    Ohio Farmers Indemnity Company contends that its policy does not accord coverage to Mrs. Mancheski under the circumstances of this accident. The policy is a standard policy in common use at this time. Mr. Mancheski's insured automobile was not involved in this accident but appellant concedes that the terms of its policy would give coverage to Mrs. Mancheski in this accident as spouse of the named assured were it not for the policy exclusion in the insuring agreement "V (d) (2)," which is:

"This insuring agreement does not apply:
"(1)  . . .
"(2)  to any accident arising out of the operation of an automobile-sales agency, repair shop, service station, storage garage, or public parking place;"

Appellant submits that the demonstrator automobile was being used by the salesman of Hall Chevrolet Company in its business of selling an automobile with an automatic shift, though the Mancheskis did not intend or expect to buy the identical demonstrator nor was the agent trying to sell the demonstrator to them. The demonstration of the automatic-shift automobile was a part of the operation of the automo-

bile-sales agency, and the accident arose out of such demonstration and consequently the exclusion clause of the policy denies coverage for the accident.

Respondents submit that the omnibus coverage clause contained in appellant's policy, required by sec. 204.30 (3), Stats., compels coverage to Mrs. Mancheski for this accident. That statutory requirement, substantially, is:

"The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. . . . but no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile-repair shop, sales agency, service station, and the agents or employees thereof. . . ."

If the policy protected the named assured under the circumstances of this accident, sec. 204.30 (3), Stats., would give equal coverage to Mrs. Mancheski. But sec. 204.30 (3) does not operate to increase coverage to Mrs. Mancheski over and beyond that afforded to her husband. If exclusion "V (d) (2)" of appellant's policy is effective to exclude coverage to the named assured for an accident under such circumstances, that provision excludes coverage of the additional assured likewise. It makes no difference to this case whether the driver of the demonstrator car was the named assured or was the additional assured. They are equal in coverage or in its lack. The question remains: Does "V (d) (2)," *supra*, exclude both of them from being covered by the insuring agreement.

Respondents rely on *Tolsma v. Miller* (1943), 243 Wis. 19, 9 N. W. (2d) 111. In that case this court held that the exclusion clause incorporated in that policy did not exclude coverage of the additional assured under the circumstances

of the accident. There are decisive differences to be observed between the policies in that case and the one at bar and differences also in the facts. In *Tolsma* the exclusion clause read (p. 21):

" 'The provisions of this paragraph do not apply: . . . " '(c) to any person or organization, or to any agent or employee thereof, operating an automobile-repair shop, public garage, sales agency, service station, or public parking place, with respect to any accident arising out of the operation thereof. (Immaterial parts omitted.)' "

This court determined that defendant Miller was an employee of Chrysler Motor Parts Corporation but that the corporation did not operate an auto-repair shop, public garage, sales agency, service station, or public parking place. Its business was not one of the prohibited operations. Therefore it did not come within the exclusion named in the policy, and the coverage otherwise extended by the policy protected the organization and individual described therein.

The policy we must examine now has quite a different exclusion clause. This one is concerned with the circumstances of the accident and how it arose. If the accident arises out of the operation of an automobile-sales agency this is a risk not insured against, and the policy does not protect either the purchaser of the policy or an additional assured against that hazard. The language of the exclusion clause is clear and unambiguous and not subject to judicial construction.

The court is faced solely with a question of fact: Did the accident arise out of the operation of an automobile-sales agency? We think that there is no question but that it did. Respondent Hall Chevrolet Company is an automobile-sales agency. The Mancheskis came there as prospective purchasers to investigate vehicles equipped in the manner which Hall Chevrolet Company's business was to sell. The accident occurred during the course of and incident to a demon-

stration of Hall's merchandise by and under the direction of the Hall salesman. It clearly arose out of an operation of the automobile-sales agency. It comes plainly within the exclusion clause of appellant's policy. The *Tolsma Case, supra,* is inapplicable because there was no operation of a sales agency or of any of the other excluded occupations and the *Tolsma* policy exclusion radically differs from the one presently before us.

Appellant and respondents submit argument pro and con to persuade us that Mrs. Mancheski was or was not an agent of Hall Chevrolet Company while driving the Hall demonstrator car at the time of the accident. We consider either answer is immaterial upon this appeal. The material thing is that the accident arose out of the operation of the sales agency. The policy excluded coverage for an accident so arising.

The learned trial court should have granted appellant's motion for summary judgment dismissing the plaintiffs' complaint against Ohio Farmers Indemnity Company.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion.

BROADFOOT and FAIRCHILD, JJ., dissent.