# JAMES W. POLLARD v. SAFECO INSURANCE COMPANY et al.—376 S. W. (2d) 730.

Eastern Section. July 20, 1963.

On Rehearing August 30, 1963.

Certiorari Denied by Supreme Court December 5, 1963.

584

Richard Stair, Knoxville, for plaintiff in error Pollard.

Hodges, Doughty & Carson, Knoxville, for Safeco Ins. Co.

Lewis C. Woolf and Robert S. Young, Jr., Knoxville, for defendant in error State Auto. Ins. Co.

Andrew Johnson and Erma G. Greenwood, Knoxville, for defendants in error Mrs. Patsy Keifer and James Keifer.

McAMIS, P.J.   This case involves the question of public liability coverage on a Ford automobile involved in an accident, August 8, 1960. On that date and for a number of years theretofore, James W. Pollard owned and operated a parking garage in Knoxville. On the morning of that date one of his regular customers, Miss Judy Towle, 20 years of age, drove the Ford car in question into the garage and requested that Pollard repair a punctured tire in the trunk of the car. Pollard had no facilities for making tire repairs and while driving the car a distance of about 10 blocks to a tire repair shop for the purpose of having the tire repaired he struck and injured Mrs. Patsy Keifer, one of the defendants in error in this case.

Mrs. Keifer and her husband thereafter sued Pollard, Miss Towle and Miss Towle's mother, Mrs. Hamilton, who because of the minority of the daughter, held the legal title to the car. Pollard thereupon requested defendant in error, Safeco Insurance Company, in which he held a policy covering his Cadillac automobile to defend the Keifer actions on the theory that the car he was driving was covered as "a non-owned automobile". Defendant in error, State Automobile Mutual Insurance Company, had issued a public liability policy on the Ford in the name of Mrs. Hamilton. It was also requested to assume the defense of these actions on the theory that Pollard was driving the Ford with the consent of its insured and was therefore an additional insured. Both companies denied coverage and the present suit was filed by Safeco for a declaratory judgment as to its liability.

Pollard thereupon filed an answer to the petition of Safeco and also a cross action against State Automobile Mutual Insurance Company seeking a declaration that his operation of the car was with the permission of its insured and that he was, therefore, an additional insured under its policy.

The trial court determined that Pollard did not have the consent of the named insured, Mrs. Hamilton, as required by the State Automobile policy and that, under the circumstances, he was operating the Ford in connection with his parking garage. Based upon the latter finding the Court concluded that Pollard's operation of the Ford car was not covered by Safeco's policy upon his privately owned Cadillac.

From the action of the Court in holding both companies exempt from liability, Pollard has appealed and assigned errors. We consider first the liability of Safeco.

After providing, with respect to a non-owned automobile, that the persons insured under the policy should include the named insured and certain other persons, the Safeco policy defines "automobile business" as including storing or parking automobiles. Then follows the exclusionary clause here involved which reads:

"Exclusions: This policy does not apply under the Liability Section:

"* * * (f) to a non-owned automobile used (1) in an automobile business by the insured or (2) in any other business of the insured except a utility automobile not used for wholesale or retail delivery purposes or a private passenger automobile operated or occupied by the

named insured or by his private chauffeur or domestic servant, or a trailer used therewith.''

■ Since Pollard admittedly was in the automobile business as defined by the policy, it will be seen that Safeco's liability turns on whether, at the time of the accident, the Ford was being used in that business. The trial court determined as a fact that it was being so used and, therefore, that its use falls within the above quoted exclusionary clause of Safeco's policy. We can not say the evidence preponderates against that finding.

■ Mr. Pollard testified that it was his practice on occasions to take cars of his customers out to have them greased or tires changed and did not repudiate a statement made after the accident that he often did favors of this kind for his customers. He admitted that if Miss Towle had not parked the Ford at his place of business he would not have been driving it when the accident occurred. We think it must be said that services of this kind rendered to business customers are incident to the business and it follows that while the car was being operated for that purpose it was being used for a purpose excluded by the policy.

Exclusionary clauses like the one here involved have been held reasonable because of the increased hazard growing out of the use of non-owned cars by such establishments while in their legal custody. Anno. 47 A. L. R. (2d) 556. They have been frequently applied under circumstances not unlike those presented in this case. Anno. 47 A. L. R. (2d) 558 et seq.; Insurance Law and Practice, Appleman, Vol. 7, Section 4372; 5A Am. Jur. 103, Automobile Insurance, Section 102.

For the reasons indicated the assignment complaining of the action of the Court in relieving Safeco of liability must be overruled.

Some further development of the facts is required in the consideration of the liability of State Automobile Mutual Insurance Company.

The proof shows without dispute that the insured Ford was bought by Miss Towle but because of her minority and the necessity that the deferred payment be financed through a local bank title to the car was taken in the name of her mother, Mrs. Hamilton, with whom she was living as a member of the Hamilton family. Miss Towle, according to Mrs. Hamilton's testimony, was listed with the insurance company as the driver of the car.

All of the foregoing circumstances including the actual ownership of the car were fully revealed to the Bank which was authorized to procure the insurance. There is no evidence, however, that the Bank transmitted this information to the issuing agent of State Automobile Mutual Insurance Company. Mrs. Hamilton is the named insured in the policy. It contains no reference to Miss Towle although, as stated, Miss Towle was listed as the driver.

Mrs. Hamilton had no responsibility for parking, repairing or operating costs. She knew that it was being regularly parked at the Pollard garage while Miss Towle was at her place of employment nearby. She also knew on the morning of the accident that one of the tires was flat and would have to be repaired. She did not know where the work would be done or that Pollard would drive the car for that purpose or be otherwise involved in repairing the tire.

The policy provides public liability coverage to "any person using such automobile, provided the actual use thereof is with the permission of the named insured."

We do not appear to have a case involving the same or similar policy provision where the ownership of the car and its use were analogous to the present case.

■ Because the Company, so far as appears, was not apprised of the fact that the car was actually owned by Miss Towle, and that, except in name only she was the insured, Mrs. Hamilton must be regarded as the "named insured" and Miss Towle a permittee within the sense and meaning of that term as judicially used in cases from this and other jurisdictions.

■ In American Automobile Insurance Co. v. Jones, 163 Tenn. 605, 45 S. W. (2d) 52, the owner who was also the insured expressly instructed the permittee not to allow anyone else to drive. In violation of that instruction the bailee permitted a third person to drive and while being so operated the car was involved in an accident. It was held that, under such circumstances, the driver was not an additional insured. This is the general rule followed by the great majority of the cases where the original permittee is expressly forbidden to allow anyone else to drive. Anno. 5 A. L. R. (2d) 657.

This Court in Card v. Commercial Casualty Ins. Co., 20 Tenn. App. 132. 95 S. W. (2d) 1281, followed the Jones case to hold that where the employee of the insured having possession and general control over the insured car permitted his brother to use it, the brother was not an additional insured under the policy. The Card case recognizes, however, that permission need not be express but may be implied.

In Hunter v. Western & Southern Indemnity Co., 19 Tenn. App. 589, 92 S. W. (2d) 878, liability was denied on the ground that the policy required that permission to drive be granted by an adult and permission to drive had been granted by a minor.

In Howell v. Accident & Cas. Ins. Co., 32 Tenn. App. 83, 221 S. W. (2d) 901, recovery was allowed on the theory that the named insured had impliedly given permission to drive to the person who was driving at the time the car became involved in an accident.

In Champion v. State Farm Mutual Insurance Company, Hamilton Eq. September 9, 1959, (Unreported) this court held the insurer liable under the same or similar policy provision for the operation of the insured automobile by the wife of the permittee. In that case, however, the permittee was still present in the car and the case fell within the general rule that, in that situation, the operation of the automobile continues to be covered. Anno. 5 A. L. R. (2d) 648.

As we have seen the doctrine of implied permission has been recognized in at least two cases in this state. We think it applies here. The holder of the legal title who was also the named insured took title to make it possible for her daughter, Miss Towle, to own and have the general and unrestricted use of the car. She must have known that somewhere, sometime in the course of that general use in order to accomplish the purpose of buying the car it would become necessary for her daughter to have the car repaired and as an incident thereto it would normally be temporarily delivered into the possession of the repairman and very likely operated for short distances by such repairman.

The use of the car for the purpose of having the tire repaired on the occasion in question was not only one which both the named insured and the insurer must have known was normally to be expected. In addition, it was a mere temporary use for the benefit both of the owner and original permittee. While there are cases to the contrary, it is generally held that such use purely for the benefit of the original permittee does not take the insured automobile beyond the protection of the policy. Anno. 160 A. L. R. 1215; Anno. 5 A. L. R. (2d) 646; 5A Am. Jur. 97.

In the annotation at 160 A. L. R. 1215 American Automobile Ins. Co. v. Jones (supra), 163 Tenn. 605, 45 S. W. (2d) 52 and Card v. Commercial Casualty Ins. Co. (supra), 20 Tenn. App. 132, 95 S. W. (2d) 1281, are cited as holding contra. As we have seen, however, in the Jones case the original permittee was expressly forbidden to let anyone else drive and in the Card case the use by the second permittee, while at the direction of the original permittee, was not for the benefit of the latter. In neither case was the general effect of the use being for the benefit of the original permittee considered and in neither was the use at the time of the accident in any sense incident to making repairs to the car which were necessary for its continued use by the original permittee.

One basic reason for limiting coverage to persons driving with the permission of the named insured seems to be that the named insured is usually also the owner and, being the owner, he would naturally be more selective in allowing other persons to drive. This tends to eliminate irresponsible drivers and reduce the hazard, to the advantage of the insurer. To follow that reasoning here and to allow Mrs. Hamilton rather than Miss Towle to

exercise the power of selection would, theoretically at least, increase rather than diminish the chances of loss to the insurer.

We find from the present record that Miss Towle requested Pollard to fix the tire knowing that he had no facilities for doing so and that it might be driven to a tire repair shop. Under all the facts and the authorities cited we can find no reasonable basis for holding State Automobile Mutual Insurance Company not required to defend the Keifer actions.

The judgment of the Circuit Court is accordingly affirmed as to Safeco and reversed as to State Automobile Mutual Insurance Company. Costs will be taxed equally to Pollard and surety on his appeal bond and to State Automibile Mutual Insurance Company.

Cooper, J., and Taylor, Special Judge, concur.

On Petition to Rehear

McAMIS, P. J. ▆ State Automobile Mutual Insurance Company has filed a petition to rehear on a number of grounds. The first is that we failed to give effect to a provision of its policy, identical with that of Safeco, excluding coverage on ''a non-owned automobile used in an automobile business of the insured''.

This exclusionary clause was held applicable as to Safeco because, in view of the practice of Pollard, the named insured under that policy, to accommodate customers by rendering services similar to that involved in this case, the Ford was being used in the ''automobile business'' as defined by the policy.

Pollard paid the premium and was the named insured under Safeco's policy. As we pointed out in our original

opinion such exclusionary clauses are sustained as reasonable and binding on the insured "because of the increased hazard growing out of the use of non-owned cars by such establishments while in their legal custody." It would be grossly unfair to the insurer to hold that an insured engaged in the automobile business could take out a policy on his privately owned and operated car and then on the basis of the same small premium claim protection for any and all non-owned automobiles used in such business. Policies of that nature providing general coverage for such businesses carry a much higher premium rate.

We think it would be equally unfair and a strained and unnatural construction of the policy to hold that although the operation of the car was for the benefit of the named insured and her permittee this clause applies because the permittee at the time the car became involved in an accident happened to be engaged in the garage business. In our opinion, to so hold would be wholly foreign to the purpose to be ascribed to the parties and amount to a strict construction and application in favor of the insurer, contrary to the familiar and often applied rule that insurance policies are to be liberally construed and applied to carry out the manifest purpose of the policy.

It is insisted we erred in finding that Mrs. Hamilton knew the car was being regularly parked at Pollard's garage. Mrs. Hamilton so testified although, it is true, she later attempted to limit this knowledge to a later time. The point is really immaterial. The basis of our holding was not that the named insured could foresee who would drive the car for the purpose of having it repaired or what the nature of the repairs would be but that in the

normal course of its daily use some repairs were to be expected and that in event such repairs became necessary the repairman might drive the car as an incident thereof.

It is next insisted that we erroneously held "by implication" that Mrs. Hamilton had not expressly forbidden her daughter, the real owner of the car, to allow anyone else to drive it. We did not deal with this question because we can not assume that such admonition was intended to apply to a situation like that involved here where the operation of the car was not for the benefit and pleasure of such third person but in connection with a normal and expected operation incident to the general daily and unrestricted use of the car. As we said in our original opinion, these circumstances distinguish the present case from cases where the original permittee turns the operation of the car over to some third person for the latter's pleasure and benefit.

Other questions made in the petition are covered in our original opinion and need not be further considered.

Cooper, J., and Taylor, Special Judge, concur.