183 So.2d 787

**D. M. HARRISON**

v.

**Will H. DENSMORE et al.**

**6 Div. 858.**

Supreme Court of Alabama.

March 3, 1966.

W. J. Sullivan, Jr., and Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellee Liberty Mut. Ins. Co.

Spain, Gillon & Young, S. R. Starnes and Ollie L. Blan, Jr., Birmingham, for appellant.

**192**

GOODWYN, Justice.

This is a declaratory judgment proceeding to determine whether an insurer (Liberty Mutual Insurance Company) is obligated to defend two automobile accident suits brought against the permittee (D. M. Harrison) of a permittee (Mrs. Clifton C. Baker) of the insured garage owner (Vulcan Lincoln-Mercury, Inc.), whose insured automobile, while being driven by Harrison, was involved in said accident. The critical and decisive question presented on this appeal is whether Harrison, at the time of the accident, was operating the car with the garage owner's permission, within the meaning of the so-called omnibus coverage clause of the policy, so as to render Harrison an additional insured under the policy. The policy provides coverage for all the automobiles of the "insured." The omnibus clause, in pertinent part, defines "insured" as follows:

"  *  *  *  [T]he unqualified word 'insured' includes the named insured and  *  *  *  (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission  *  *  *."

The trial court held that Harrison was not operating the car with the named insured's permission, within the meaning of the omnibus clause, and is not afforded coverage under the policy. We disagree and reverse the decree.

As a prelude to the decree, the trial court made the following findings from the evidence taken orally before the court, viz.:

"  *  *  *  That a Mercury automobile was provided for the use of Mr. Clifton C. Baker by his employer, the Vulcan Lincoln Mercury, Inc., that he had the right of the use of said vehicle for his personal use and pleasure; that he took the car home with him in the evenings and used the automobile on occasions of vacations or personal trips. Mr. Baker was the Service Manager for the said Vulcan Lincoln Mercury, Inc.; that said Mercury automobile furnished for his use as aforesaid was also available as a demonstrater or for the use of customers as a substitute car on such occasions as repairs were being made to the customers' cars; that Mrs. Baker customarily operated a Ford Station Wagon which was owned by her and her husband; that on occasions when this Ford Station Wagon was being serviced at the Vulcan Lincoln Mercury garage, her husband, Mr. Clifton Baker, would leave the company car, which on this occasion was a Mercury automobile, with her as a substitute for her own Ford Station Wagon which was being serviced; and that it was on such an occasion as this when the accident occurred involving the Mercury automobile belonging to the Vulcan Lincoln Mercury, Inc.

"The Court further finds the facts to be that Mrs. Baker drove the said Mercury automobile to the home of her sister, Mrs. LeCroy; that on this occasion, Mrs. Baker's brother, the Complainant herein, D. M. Harrison, drove the said Mercury automobile with the consent of Mrs. Baker to deliver the children of both the LeCroys and the Bakers to the movie. It was during this trip that the accident occurred while Mr. Harrison was returning to the LeCroy home.

"The Court is of the considered opinion that the Mercury automobile was on the occasion of the accident being used as a substitute automobile for the Ford Station Wagon owned by Mr. and Mrs. Baker; and that for such reason, no insurance would be afforded the complainant for the use of the automobile on this occasion as an additional insured under the policy of the Respondent, Liberty Mutual Insurance Company, a corporation, covering the operations of the Vulcan Lincoln Mercury, Inc. * * *"

There is no disagreement as to the facts found by the trial court, but only as to the conclusion of law based on said facts.

We consider the case, as the trial court apparently did, on the basis that the automobile turned over to Mrs. Baker by her husband, the service manager of the insured corporation, was a substitute automobile furnished by the insured to Mrs. Baker for her use in place of her personal automobile while it was being serviced by the insured. We see no need to discuss or determine the effect on the case of Mr. Baker's right to use the automobile, which he turned over to Mrs. Baker, for his personal use and pleasure, including the taking of the car home with him in the evenings and using it on occasions of vacations and personal trips.

Essentially, the case boils down to this: A delivers her personal passenger car to B, a garage owner, for servicing. B then turns over to A one of its cars for use by A as a substitute or replacement for her car while it is being serviced, without defining or limiting the scope of such use. A permits her brother, C, to use B's car to take A's children to a movie. Query: Did C have B's implied permission to use the car in this way? Our conclusion is that he did.

While we do not find where this court has dealt with the specific question here presented, there are cases which throw light on it.

In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Robinson, 269 Ala. 346, 352, 113 So.2d 140, approval was given to "the general rule * * * that the insured's permission, in order for the user of the automobile to be protected under the omnibus clause, may be either express or implied."

Since express permission was not given by the insured to Harrison, it must be determined from the facts and circumstances whether he had implied permission from the insured.

In State Farm Mutual Auto. Ins. Co. v. Birmingham Electric Co., 254 Ala. 256, 258–259, 48 So.2d 41, the question was whether an employee had so "deviated" from his employer's instructions, in delivering groceries, as to deny the employee coverage under the omnibus clause. After a discussion of "[t]he three different rules laid down by the authorities," viz.: "(1) the strict or conversion rule; (2) the liberal rule; (3) the intermediate or minor deviation rule, 5 A.L.R.2d page 622, § 10," the court held that "the 'minor deviation' rule should be followed." This, in effect, and as applicable to the case now before us, is approval of a "moderate" or "middle of the road" approach in determining, from the facts and circumstances in each case, whether an automobile, when involved in an accident, was being operated with the

194

implied permission of the insured owner, within the meaning of the omnibus clause of the policy. In other words, the "strict or conversion rule" (denying coverage if there is any deviation) and the "liberal rule" (affording coverage if there be permission for use in the first instance) have been put to one side and a course for determining coverage has been set somewhere in the area between the two extremes; that is, if the facts and circumstances support a reasonable inference of permissive use, coverage is afforded.

■■ It seems apodictic that the turning over of insured's automobile to Mrs. Baker for use by her as a substitute or replacement for her personal car while it was being repaired by the insured, carried with it the clear implication that, there being no restrictions placed on the use, she was authorized to use the insured's automobile as her personal car ordinarily would be used, certainly to the extent that such use was, as here, of some benefit to her. It is a matter of common knowledge that a personal passenger automobile customarily will be used in the way the insured's automobile was used in this case. We hold that there was implied permission from the insured for its automobile to be so used.

We call attention to the following comprehensive annotation at 4 A.L.R.3d 10: "OMNIBUS CLAUSE OF AUTOMOBILE LIABILITY POLICY AS COVERING ACCIDENTS CAUSED BY THIRD PERSON WHO IS USING CAR WITH CONSENT OF PERMITTEE OF NAMED INSURED," where cases from other jurisdictions bearing on the question presented are collected and discussed.

The decree appealed from is reversed and the cause remanded to the trial court for rendering a decree not inconsistent with this opinion.

Reversed and remanded with directions.

LAWSON, COLEMAN and HARWOOD, JJ., concur.