218 So.2d 129

AMERICAN MUTUAL LIABILITY INSUR-
ANCE COMPANY

v.

MILWAUKEE INSURANCE COMPANY
OF MILWAUKEE.

2 Div. 513.

Supreme Court of Alabama.

Jan. 16, 1969.

Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee.

McLean Pitts and J. Garrison Thompson, of Pitts & Pitts, Selma, for appellant.

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment proceeding, filed by appellee, which had issued a policy of liability insurance to Marengo Motors, Inc., against appellant, which had issued a comprehensive liability insurance policy to Miller & Company covering a truck which wrecked while being demonstrated for sale by Marengo Motors.

Appellee's bill alleged that on August 21, 1965, it issued a policy of liability insurance to Marengo Motors, Inc., which included a garage liability coverage and further provided that where the insured had other insurance against loss, appellee would be liable only in the proportion which the applicable limit of liability under the policy bore to the total applicable limit of liability of all valid and collectible insurance against such loss except where the other insurance stated its applicability to the loss only as excess insurance over any other valid and collectible insurance or on a contingent basis; that on August 13, 1966, Miller & Company, Inc., of Selma, Alabama, delivered its 1955 Diamond-T cab & chassis truck and trailer to Marengo Motors, Inc., for sale; that on August 15, 1966, Dick Bayne Etheridge, a prospective purchaser, wrecked the truck while on a demonstration ride injuring Russell Etheridge, a Marengo Motors' salesman who accompanied Dick Bayne Etheridge; that Russell Etheridge filed suit in the Circuit Court of Marengo County against Dick Bayne Etheridge and recovered a judgment in the amount of $15,000; that at the time of said accident, appellant had in force a policy of liability insurance issued to Miller & Company covering said truck and which required appellant to defend any suit arising out of the use of said truck and to pay any judgment rendered in any such suit; that appellant, Dick Bayne Etheridge, was operating said truck with the implied permission of Miller & Company and that appellant was obligated to defend said suit and to pay a pro rata share of the judgment which it had failed and refused to do; that appellee had furnished a defense in the lawsuit and offered to pay a proportionate part of the judgment; that a justiciable controversy existed and an immediate determination was necessary as to the liability of appellant. Said bill prayed for a declaratory judgment decreeing appellant liable for a pro rata part of the judgment obtained by Russell Etheridge against Dick Bayne Etheridge and liable for a proportionate part of the costs of the defense of Dick Bayne Etheridge in said suit and enjoining the enforcement of said judgment pending final disposition of the cause. The bill was subsequently amended on October 6, 1967, to aver that appellee had paid into court a proportionate part of the judgment.

Appellant filed its answer to the bill, as last amended, alleging that the truck delivered by Miller & Company to Marengo Motors, Inc., for the purpose of sale, was not owned by Miller & Company, but by Les Nichols, an employee of Miller & Company, and that the truck was a non-owned vehicle within the terms of appellant's policy issued to Miller & Company; that at the time of the accident the truck was in the exclusive possession and control

of Marengo Motors, Inc., and pursuant to the provisions of appellant's policy the appellant was not obligated to defend suits or pay judgments rendered therein where the insured vehicle was not used with permission of the named insured nor where the accident arose out of the operation of an automobile sales agency.

After a hearing on the merits, the trial court held that appellant was obligated under its policy to pay that portion of the judgment of $15,000 obtained by Russell Etheridge against Dick Bayne Etheridge, as the limits of liability of $250,000, as stated in appellant's policy, bears to the total limits of liability of all valid and collectible insurance against said loss, or $350,000 ($250,000, the limits of liability of American Mutual's policy, plus $100,000, being the limits of liability of complainant's policy), or the sum of $10,714.28, plus interest, at the rate of six per cent per annum from the date of the rendition of said judgment, and that appellee was to recover of appellant the sum of $2,360.29, said sum representing that proportion of the reasonable cost of defending the suit brought by Russell Etheridge against Dick Bayne Etheridge in the same proportion as set forth above and, further, its proportionate share of the court costs incurred in the suit of Russell Etheridge against Dick Bayne Etheridge in said proportion.

Appellant's assignments of error 1 and 2 raise the lack of sufficient evidence to support the decree and it is argued that the truck was not owned by Miller & Company and, therefore, not covered by appellant's policy.

Appellant showed that the registration certificate on the truck was issued in the name of Leslie Nichols as the owner; the lease agreement between Nichols and Miller & Company showed Nichols to be the owner; and both Nichols and employees of Miller & Company testified that the truck was owned by Nichols. Appellee points to the following evidence to show that the truck was an "owned" vehicle: (1) appellant's policy of insurance issued to Miller & Company lists the specific truck as an owned vehicle; (2) the policy provided that "5. The schedules contain a complete list of all automobiles and trailers owned by the named insured at the effective date of this policy and the purposes of use thereof, unless otherwise stated herein:"; (3) the truck bore the name of Miller & Company on its sides; (4) Nichols was indebted to Miller & Company and they held a lien on the truck; (5) the sworn proof of loss filed by Miller & Company with appellant to cover the damage to the truck was signed "Leslie Nichols and Miller & Co Inc by John R. Albrecht." (Albrecht was fleet superintendent for Miller & Company and he signed Nichols' name); (6) the proof of loss stated that the vehicle was owned "solely by the insured" which was Miller & Company; (7) when appellant paid the claim to Miller & Company, the check was indorsed by Nichols and turned over to Miller & Company; (8) appellant treated the truck as an owned vehicle and attempted to be subrogated as shown by a letter written by it to appellee which contained the following: "* * * Since we are the Collision insurance carrier of Miller and Company, Incorporated, we have been called upon to pay *their Collision loss* of August 15, 1966 in which your insured was involved. This claim was settled for $1,500.00 less *our insured's* $250.00 deductible. As you know by virtue of the Collision Coverage we carry on their vehicles, we are subrogated to this right of action against you as our investigation reveals that your insured was responsible for the damage done to our insured's vehicle." (Emphasis supplied); (9) a "bill of sale" of the truck to appellant on September 1, 1966, was signed "Miller & Co Inc & Leslie Nichols by John Albrecht as agent for both as above"; (10) there was testimony that neither Albrecht nor Nichols knew that the truck had been delivered to Marengo Motors to be sold; and (11) when appellee called upon appellant to assist in the defense of the suit filed at law, appellant answered with a letter that contained the following sen-

tence: "As we understand the facts, *our insured, owner of the truck involved in the accident,* had turned the truck over to the garage for the purpose of sale."

In American Indemnity Company v. Davis, 5 Cir., 260 F.2d 440, the court said:

"* * * Since 'ownership' in its literal sense includes joint as well as sole 'belonging,' the use of the more general term 'ownership' comprehends the qualified terms 'sole' and 'joint' ownership. The term is ambiguous and thus, by the authority of the Georgia cases cited by appellant itself, the construction placed on the phrase by the trial court must be affirmed."

In Powell v. Home Indemnity Company, 8 Cir., 343 F.2d 856, it was said:

"* * * Although the word 'owner' is held to be ambiguous, see American Indemnity Company v. Davis, 5 Cir., 260 F.2d 440, 442, whether or not we should consider it so is not, however, conclusive of the issue in this case. The plain and reasonable meaning of the word as applied to motor vehicles includes not only absolute estates but also includes estates less than absolute. * * *"

And in Phillips v. Government Employees Insurance Company, D.C., 258 F.Supp. 114, the court said:

"It is, of course, well established that where the language in a policy is reasonably susceptible of two or more meanings, the Court should adopt that interpretation most favorable to the person claiming coverage. Monroe County Motor Co. v. Tennessee Odin Ins. Co., 33 Tenn.App. 223, 231 S.W.2d 386. Applying this rule of construction to the present policy, the Court is of the opinion that the word 'owner' should be construed to have been used not merely in the technical sense of referring to the holder of the legal or equitable title, but also to include its broader meaning of one having dominion or possession of the automobile and capable of transferring lawful possession to another. * * *"

The evidence is overwhelming that Miller & Company had dominion and control of the truck, constructive possession, a financial interest therein and paid part of the premiums on the insurance on it. We think the trial court correctly held that the truck was an "owned" vehicle under the policy in question and that the finding is supported by the evidence.

Assignments 3 and 4 charge that the court erred in holding there was proportionate coverage because the accident arose out of the operation of an automobile sales agency.

Appellant's policy provided, in part, that: "The insurance with respect to any person or organization other than the named insured does not apply:

"(b) to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof, * * *."

Appellant contends that this provision excludes coverage because the accident occurred while the truck was being demonstrated by an automobile sales agency. This precise contention is answered in North River Ins. Co. v. Connecticut Fire Ins. Co., D.C., 233 F.Supp. 31, affirmed 4 Cir., 341 F.2d 913, where the court said:

"Connecticut further contends that its policy is not applicable in that the insurance provided by the policy to persons other than the named insured, under Insuring Agreement III, does not apply 'to any persons or organization, or to any agent or employer thereof, operating an automobile sales agency, repair shop, service station, storage garage, or public parking place, with respect to any accident arising out of the operation thereof.' It is argued on behalf of Connecticut that this limitation of coverage would operate to remove coverage from

Bailey since Bailey was allowed to drive the vehicle as part of the work of Bivens Motor Sales. While, clearly, the automobile was being used in connection with a sales agency, a careful reading of the quoted insuring agreement discloses that the limitation does not apply to every accident arising out of the operation of such an automobile sales agency. The limitation would only apply where the person for whom insured status is sought, other than the named insured, is himself operating an automobile sales agency, or is the agent or employee of such an operation. See Tolsma v. Miller, 243 Wis. 19, 9 N.W.2d 111 (1943). Compare, Bendykowski v. Hall Chevrolet Co., 10 Wis.2d 579, 103 N.W.2d 516 (1960). Since Bailey was not engaged in such an operation and since his status as a prospective purchaser would not render him the agent or employee of Bivens Motor Sales, it must be concluded that the limitation of coverage contained in Insuring Agreement III would not be applicable in this instance."

Here, the driver of the truck who was negligent was Dick Bayne Etheridge, a farmer and a prospective purchaser. He was neither an operator, employee nor an agent of any of the businesses excluded by the policy, and the exclusion had no application to him. There is no merit in these assignments of error.

Assignment 5 charges error in applying proportionate coverage because the actual use of the truck was not by the named insured or with its permission.

The general manager of Miller & Company, Otto H. Horsting, testified that he sent the truck to Marengo Motors to be sold; that he expected that firm to do everything reasonably necessary to get a buyer; that he placed no restrictions on their demonstration or use of the truck for the purpose of obtaining a purchaser; and that it was not unusual for a prospective purchaser to test and drive a truck before buying it.

■ We have held that the insured's permission, necessary for the user of the automobile to be protected under the omnibus clause of an insurance policy, may be either express or implied. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Robinson, 269 Ala. 346, 113 So.2d 140; Harrison v. Densmore, 279 Ala. 190, 183 So.2d 787.

■ We think it obvious that the prospective purchaser had implied permission to drive the truck in helping him decide whether or not to purchase it. This identical point was considered in North River Ins. Co. v. Connecticut Fire Ins. Co., D.C., 233 F.Supp. 31. There, the named insured placed an automobile which it had repossessed on the used car lot of one Bivens to be sold by Bivens for it; and Bivens permitted Bailey, a prospective purchaser, to operate the automobile; and while trying it out, a collision occurred. The court said:

"* * * The automobile was placed on the Bivens lot in connection with resale and, of course, Bivens had permission to drive the car himself, and authority to allow other persons, such as Bailey, to drive the car with the implied permission of the bank for the purpose of effectuating a sale thereof. * * *"

Assignment 5 is without merit.

■ Appellee concedes that the decree is subject to modification and states in brief:

"This Honorable Court, in a very recent case, State Farm Mutual Automobile Insurance Co. v. General Mutual Insurance Co., 282 Ala. 212, 210 So.2d 688, well after the decree in this case was rendered, held that two insurers having 'excess' clauses in their policies were liable on a pro rata basis for the judgment or loss. However, the obligation to defend the case at law was held to be mutual and since both assumed the same obligation, each should bear the same share of the costs of defending the insured. In this case the reasonable cost

of defending the insured in the action at law was $3,304.44, and Appellee is agreeable that this be divied between Appellant and Appellee, Milwaukee Insurance Company, equally, rather than the proration ordered by the trial Court."

The third paragraph of the decree will be amended to read:

"CONSIDERED, ORDERED, ADJUDGED and DECREED that complainant have and recover of the respondent American Mutual Liability Insurance Company the sum of $1,652.22, said sum representing one-half of the cost of defending the suit brought by the respondent Russell Etheridge against the respondent Dick Bayne Etheridge and paid by complainant. It is further,"

With this modification, the decree is due to be affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.