DAIRYLAND INS. CO., Appellant v. KLUCKMAN et al. Respondents

(201 N. W. 2d 209)

(File No. 10991. Opinion filed October 5, 1972)

**Siegel, Barnett, Schutz, O'Keefe & Ogborn, Joseph H. Barnett,** Aberdeen, for plaintiff and appellant.

**Maloney, Kolker & Fritz,** Aberdeen, for defendant and respondent Gerald G. Hilbers.

**Voas, Richardson, Groseclose & Kornmann,** Aberdeen, for third party defendant and respondent.

**Lakeman & Krause,** Mobridge, for defendants, Third Party plaintiffs and respondents.

WOLLMAN, Judge.

This is an appeal by Dairyland Insurance Company (Dairyland) from an adverse judgment in a declaratory judgment action brought by it to determine respective rights and liabilities under a liability insurance policy issued by Dairyland to Gerald G. Hilbers (Hilbers) and which was in effect on February 17, 1968, the date of a collision between an automobile driven by Hilbers and a building in Mobridge, South Dakota, which resulted in personal injuries and property damage. The action was tried on an agreed stipulation of facts.

On February 17, 1968, defendants Harlan Kluckman, Betty Kluckman and Lena Sheldon were co-partners doing business as Hepper-Kluckman Motors of Mobridge, South Dakota, an automobile sales agency and repair shop service business. On that date, Hilbers made inquiry of Harlan Kluckman concerning a used 1964 Oldsmobile 88 automobile which was being offered for sale to the public on the lot of Hepper-Kluckman Motors. As a result of this conversation, Harlan Kluckman agreed to demonstrate the Oldsmobile to Hilbers. Harlan Kluckman then drove the Oldsmobile from the car lot to a point several miles out of Mobridge on Highway 12, accompanied by Hilbers and a companion. At that point, Harlan Kluckman turned the driving over to Hilbers. As Hilbers was driving the car on the return trip to the Hepper-Kluckman Motors lot he collided with a building in Mobridge, the collision resulting in injuries to Harlan Kluckman and Hilbers and property damage to the Oldsmobile and the building.

At the time of the accident Hilbers was not employed by Hepper-Kluckman Motors, nor was he an owner of, or in the course of any employment for, an automobile sales agency, repair shop, public service station, storage garage, or public parking place. The parties agree that he was driving the Oldsmobile for the purpose of determining for himself whether he desired to purchase the automobile from Hepper-Kluckman Motors.

As a result of the accident, Harlan Kluckman and Betty Kluckman, his wife, made separate claims against Hilbers and commenced suits against him in circuit court in Walworth County, South Dakota, asking for substantial damages. There is also outstanding a contingent claim against Hilbers for the property damage to the Oldsmobile automobile.*

On the date of the accident there was in effect between Dairyland and Hilbers an automobile liability insurance policy which is the subject of the declaratory judgment action. The pertinent part of the policy reads as follows:

---

* After being served in Dairyland's declaratory judgment action, Harlan Kluckman and Betty Kluckman brought a third party declaratory judgment action against Universal Underwriters Insurance Company on an insurance policy covering Hepper-Kluckman Motors. See Dairyland Ins. Co. v. Kluckman, #11015, 86 S.D. 694, 201, N.W.2d 214, for our decision in the appeal from the judgment in the third party declaratory judgment action.

## "V  Use of Other Automobiles

If the named Insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B and C-1, with respect to said automobile applies with respect to any private passenger automobile subject to the following provisions:

(a) Under coverages A and B the word 'insured' includes (1) the named Insured and spouse provided his actual operation is with the permission of the owner and is within the scope of such permission, and (2) any other person or organization not owning or hiring the automobile, provided the actual operation is by a person who is an insured under (1) above. Insuring agreement III does not apply to this insurance.

(b)  *  *  *

(c) This insuring agreement does not apply:

(1)  *  *  *

(2) to any accident arising out of the operation of an automobile sales agency, repair shop, service station, storage garage or public parking place;

(3)  *  *  *."

Dairyland contends that because at the time the accident occurred Hilbers was driving the Oldsmobile for the purpose of determining whether or not he wished to buy it, the accident

necessarily arose out of the operation of an automobile sales agency; therefore, Dairyland is not required to provide liability coverage to Hilbers for any claims resulting from the accident.

The trial court did not state in its memorandum opinion, findings of fact or conclusions of law that the accident did not arise out of the operation of an automobile sales agency. Paragraph II of the conclusions of law states in part that:

"The Court concludes as a matter of law that provision V(c) (2) is not applicable to the facts in this case and accordingly concludes there is insurance coverage, obligation of indemnity and defense owing by Dairyland Insurance Company, an insurance corporation, to the defendant Gerald G. Hilbers."

Dairyland argues that in order to reach this conclusion the court of necessity had to read exclusionary clause V(c) (2) as applying only to accidents arising out of the operation by the named insured of an automobile sales agency, repair shop, service station, storage garage or public parking place. Dairyland contends that such a reading of the exclusionary clause is a classic example of a forced or strained construction of policy language for the purpose of creating an ambiguity that can be construed against an insurer. Strong v. State Farm Mutual, 76 S.D. 367, 78 N.W.2d 828. Dairyland argues that because throughout the various clauses of the insurance policy references are made to "the named insured", the absence of such words, or their equivalent, in exclusionary clause V(c) (2) emphasizes that the clause means just what it says, i. e., that no insurance is provided to the named insured under insuring agreement V in connection with any accident arising out of the operation of an automobile sales agency and the other enumerated businesses by the named insured or by anyone else.

Most of the reported decisions involving exclusions of coverage with respect to the operation of automobile sales agencies, repair shops and the like concern the interpretation of clauses excluding coverage for automobiles which are used in the automo-

bile business and excluding coverage to persons or organizations operating an automobile sales agency or related businesses. See, e. g., Hammer v. Malkerson Motors, Inc., 269 Minn. 563, 132 N.W. 2d 174; Pollard v. Safeco Ins. Co., 52 Tenn. App. 583, 376 S.W.2d 730; Annot., 47 A.L.R.2d 556; Annot., 71 A.L.R.2d 964; 7 Am.Jur. 2d, Automobile Insurance, § 125, p. 444.

In Dairyland's favor is the case of Bendykowski v. Hall Chevrolet Co., 10 Wis.2d 579, 103 N.W.2d 516, which involved a policy exclusion clause identical to the one found at V(c) (2) of the policy in the instant case. In that case the named insured became interested in buying a car with an automatic shift to replace his car which had a standard gear shift. He and his wife went to an auto agency showroom where he made his wishes known to one of the salemen. The salesman took the named insured and his wife for a ride in a demonstrator automobile equipped with an automatic shift. While the named insured's wife was driving the demonstrator car at the salesman's suggestion, she struck and injured a pedestrian. The Wisconsin court distinguished its earlier decision in Tolsma v. Miller, 243 Wis. 19, 9 N.W.2d 111, which involved the interpretation of a clause which excluded coverage from any person or organization operating an automobile sales agency and related businesses with respect to any accident arising out of the operation thereof. In considering the exclusionary clause in the Bendykowski case, the court stated that:

"The policy we must examine now has quite a different exclusion clause. This one is concerned with the circumstances of the accident and how it arose. If the accident arises out of the operation of an automobile sales agency this is a risk not insured against, and the policy does not protect either the purchaser of the policy or an additional assured against that hazard. The language of the exclusion clause is clear and unambiguous and not subject to judicial construction.

"The court is faced solely with a question of fact: Did the accident arise out of the operation of an auto-

mobile sales agency? We think that there is no question but that it did. * * * It clearly arose out of an operation of the automobile sales agency. It comes plainly within the exclusion clause of appellant's policy. The Tolsma case, supra, is inapplicable because there was no operation of a sales agency or of any of the other excluded occupations and the Tolsma policy exclusion radically differs from the one presently before us.

" * * * The material thing is that the accident arose out of the operation of the sales agency. The policy excluded coverage for an accident so arising." 103 N.W. 2d 516, 518.

It is apparent that the Wisconsin court was concerned solely with a question of fact, i. e., whether the accident arose out of the operation of an automobile sales agency. With all due deference to the opinion, it would seem reasonable to concede that there is room for construction of an exclusionary clause that when given an all encompassing reading denies coverage to a woman who might test drive two or three automobiles in her lifetime.

The Illinois Appellate Court for the Fourth District reached exactly the opposite result in the case of Caster v. Motors Ins. Corp., 28 Ill.App.2d 363, 171 N.E.2d 425. In that case Dempsey went to an automobile agency to negotiate for the purchase of an automobile. With the permission of a salesman of the sales agency, Dempsey took an automobile for demonstration purposes with permission to use the car for the purpose of driving to Chicago over the weekend in an effort to determine whether or not he would buy the automobile. Instead of going to the Chicago area, Dempsey changed his mind and instead drove some 340 miles to another town in Illinois where he exchanged cars with a friend, Woodside. While Woodside was driving the car belonging to the sales agency he had a collision which caused the total destruction of the automobile. Woodside had a policy of insurance that provided, among other things, that he was covered by the

policy " 'with respect to any other private passenger automobile while being operated or used by such insured.' " The insurance policy also contained an exclusion applying " 'to any accident arising out of the operation of an automobile sales agency, repair shop, service station, storage garage, or public parking place.' " In affirming a declaratory judgment that Woodside's insurance carried was obligated to pay the sales agency for the damage to the automobile, the court stated that:

> "It is apparent from the record that the exclusion of public garages, sales agencies, and parking lots referred to occupations, and that the accident did not arise out of the operation of an automobile sales agency as contended by defendant. Under the facts in the record, apparently Woodside was driving for the purpose of testing the car to see whether he would recommend that Dempsey buy it. Dempsey stated that he had determined not to buy the car but was having Woodside check it prior to returning it to the Sales Agency. It would be a distortion of the language of the exclusion to conclude that the exclusion applies under the record in this case since the accident did not arise out of the operation of an automobile sales agency. The obvious interpretation of that exclusion must have particular reference to the occupation of the named insured, and if the insured is engaged in any of those businesses he must purchase a different type of insurance or insure himself against loss for damage which would occur to automobiles of his customers while he or one of his agents is operating the customer's car." 171 N.E.2d 425, 427.

Dairyland argues that the Caster case is not persuasive authority because there are a number of factual differences between it and the instant case. Further, because the Illinois court first held that the exclusion did not apply because the accident did not arise out of the operation of an automobile sales agency the remainder of the paragraph cited above constitutes dictum. Concededly, there are factual differences between the two cases. Granting this, however, and even assuming the interpretation of

the effect of the exclusionary clause by the Illinois court might be considered to be dictum, we think that the court considered the clause carefully.

In the case of Heaton v. State Farm Mutual Auto Ins. Co., D.C., 278 F.Supp. 725, affirmed 4 Cir., 398 F.2d 824, Heaton struck a customer while moving another customer's car in connection with his duties as an employee of a public parking lot. Heaton's liability insurance policy provided coverage for the operation of a non-owned automobile, with an exclusionary provision stating that the omnibus coverage did not apply "to any accident arising out of the operation of an automobile business." The policy defined "automobile business" as the business of selling, repairing, servicing, storing or parking of automobiles. There was no question but that the accident occurred while Heaton was engaged as an employee of the parking lot and that it was a normal part of his duties to drive the automobiles of the customers of the parking lot. Heaton argued that under the ruling in an earlier South Carolina case the language of the exclusionary clause was ambiguous. In answering this argument, the district court stated that:

"In the cited case, the exclusion applied to an 'automobile while **used** in the automobile business'. The exclusionary clause herein, on the other hand, embraces 'any accident **arising out of the operation of an automobile business'.** The obvious difference in the two key phrases (i. e., 'used in the automobile business' and 'arising out of the operation of an automobile business') is marked out precisely in Wilks v. Allstate Insurance Company (1965) La.App., 177 So.2d 790, 792-794. In the cited case, the exclusion relates to the use to which the automobile was put, i. e., was it being **'used'** in the automobile business? Was it being 'employed' for some purpose in connection with that business? See, Goforth v. Allstate Insurance Co., supra, D.C., 220 F.Supp. 616 at pp. 619-620; Chavers v. St. Paul Fire & Marine Ins. Co. (D.C. Ohio 1960) 188 F. Supp. 39, 42, aff. 6 Cir., 295 F.2d 812; McCree v. Jenning (1960) 55 Wash.2d 725, 349 P.2d 1071, 1072. In the present

case, the exclusion relates to the business or occupation of the person using the car. See, Hammer v. Malkerson Motors, Inc. (1964) 269 Minn. 563, 132 N.W.2d 174, 176; LeFelt v. Nascrow (1962) 71 N.J. Super. 538, 177 A.2d 315, 322."

We have considered Dairyland's argument that there is a distinction between exclusionary clauses which pertain both to occupation and circumstances of the accident, see e. g., Lubow v. Morrissey, 13 Wis.2d 114, 108 N.W.2d 156, and the type of exclusionary clause which pertains only to the circumstances of the accident. Had Dairyland intended to exclude all accidents arising out of the operation of an automobile sales agency and related businesses, presumably it could have done so by adding appropriate language to the exclusionary clause. As it stands, the wording of clause V(c) (2) requires one to add the words "by anyone, including the named insured" after the words "to any accident arising out of the operation of an automobile sales agency * * * *" in order to reach the conclusion that Dairyland's policy did not insure Hilbers while he was test driving the used car. Thus the trial court was correct in concluding that the policy is fairly susceptible to an interpretation which renders the exclusionary clause inapplicable to the facts of the instant case. It has long been the rule that if a contract of insurance is fairly susceptible to two constructions, one of which is more favorable to the insured than the other, the construction most favorable to the insured should be adopted, see e. g., Cramer v. American Alliance Insurance Co., 72 S.D. 509, 37 N.W.2d 192, 9 A.L.R.2d 577, and that a contract of insurance is to be construed liberally in favor of the insured and strictly against the insurer. Strong v. State Farm Mutual Insurance Co., 76 S.D. 367, 78 N.W.2d 828. Any uncertainty or ambiguity in a contract of insurance must be construed most strongly against the insurer and in favor of the insured. Wilson v. Allstate Insurance Co., 85 S.D. 553, 186 N.W.2d 879.

The judgment is affirmed.

All the Judges concur.