326 So.2d 718

**W. Douglas CRAWLEY**

v.

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE CO.,**
a corp., et al.

**SC 1333.**

Supreme Court of Alabama.

Jan. 29, 1976.

Cervera & Folmar, and John B. Crawley, Troy, for appellant.

Brantley & Calhoun, Troy, for appellees.

SHORES, Justice.

This case began with a complaint to reach and apply the proceeds of an automobile liability policy to the satisfaction of a judgment against Willie Lee Ballard. The trial court found that Ballard was not an insured since his use of the vehicle was not with the express permission of the named insured and rendered a judgment for the defendants. From this ruling the plaintiff appeals.

On April 15, 1969, Mr. Willie Lee Ballard, an independent trucker, was making a delivery to Home Farm Supply Company in Troy, Alabama. While his truck was being unloaded, Mr. Ballard asked Mr. James L. Smith if he could borrow a pick-up truck for the purpose of going to another city to acquire a replacement part for his truck. The record reveals a conflict in testimony as to what city Mr. Ballard said was his destination, but Mr.

Smith gave him permission to use the truck. While using the truck, Mr. Ballard was involved in an accident in which the appellant's minor son was killed. On April 3, 1973, a default judgment was rendered against Ballard.

Mr. Smith is a partner in Home Farm Supply Company and manager for the partnership. The pick-up truck in question is owned by another partner, Mr. H. F. McCroskey. Under an arrangement between Mr. McCroskey and the partnership, the partnership used the truck in exchange for paying the operational expenses—maintenance, gasoline, oil, and insurance. Mr. H. F. McCroskey was the named insured.

The policy contains the following definition:

"Insured—under Coverages A, B, C, and C–1, the unqualified word 'insured' includes (1) the named insured, and also includes (2) his relatives, (3) any other person while using the automobile, provided the actual use of the automobile is *with the express permission of the named insured,* and (4) under Coverages A and B any person or organization legally responsible for the use thereof by an insured as defined under the three subsections above." (Emphasis added)

Appellant contends that every general partner is an agent for the partnership in transacting business and therefore Mr. Smith was authorized to permit Mr. Ballard to use the truck; that Mr. Smith had a least ostensible or apparent authority to allow Mr. Ballard to use the truck; and that the policy should be reformed with regard to "named insured" to conform to the real agreement of the parties.

Alabama Farm Bureau contends that the case of *Alabama Farm Bureau Mutual Casualty Ins. Co. v. Government Employees Ins. Co.,* 286 Ala. 414, 240 So.2d 664 (1970), is controlling as it involved an identical policy.

■ The appellant correctly contends that "permission" as used in an omnibus clause may be express or implied and that implied permission may be inferred from the facts and circumstances of the case. *Harrison v. Densmore,* 279 Ala. 190, 183 So.2d 787 (1966). But more than just "permission" is required by the clause in the instant policy—"express permission" is necessary. In *Alabama Farm Bureau Mutual Casualty Ins. Co. v. Government Employees Ins. Co.,* supra, this court had before it the identical clause. There, the daughter of the named insured gave her permission to the driver to operate the automobile. On finding no coverage, this court said:

> "The words, 'express permission,' are clear and unambiguous. The burden was on the driver to establish that he was driving with 'express permission' of the named insured. The driver failed to carry that burden and is not entitled to have Farm Bureau defend him or pay any judgment which may be recovered against him . . ." (286 Ala. at 420, 240 So.2d at 670)

■ Our cases have been consistent in making a distinction between policy provisions which require the "permission" of the insured and those which require the "express permission" of the named insured. In *Royal Indemnity Company v. Pearson,* 287 Ala. 1, 8, 246 So.2d 652, 658 (1971), this court, speaking through Justice Lawson, said:

> "Where, as here, only 'permission' is required in the onmibus clause, we have followed the general rule to the effect that 'permission' is sufficient to provide coverage to the user if the facts justify a finding that either express or implied permission has been granted by the named insured.—*Alabama Farm Bureau Mut. Cas. Ins. Co. v. Robinson,* 269 Ala. 346, 113 So.2d 140; *Harrison v. Dens-*

*more,* 279 Ala. 190, 183 So.2d 787; *American Mutual Liability Ins. Co. v. Milwaukee Ins. Co. of Milwaukee,* 283 Ala. 414, 218 So.2d 129; *Pettis v. State Farm Mut. Auto. Ins. Co.,* 286 Ala. 344, 239 So.2d 772. But where the words 'express permission' are used in the omnibus clause, the burden is on the user to establish that he was driving with the *express* permission of the named insured. —*Alabama Farm Bureau Mut. Cas. Ins. Co. v. Government Employees Ins. Co.,* 286 Ala. 414, 240 So.2d 664; *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Mattison,* 286 Ala. 541, 243 So.2d 490."

This case was tried to a judge without a jury. The court entered judgment for the defendant stating:

> "There is no evidence that McCroskey, the named insured, gave direct or distinct [express] permission to Ballard for him to drive the 1967 Ford one-half ton truck on April 15, 1969. The evidence is clear that Smith gave his direct permission to Ballard to operate the truck, but he is not the named insured and his express permission is not the express permission of the named insured which the policy requires."

The result reached by the trial court is consistent with our cases. Had the named insured been the partnership, clearly the permission of Mr. Smith would have been the express permission of the named insured.[1] However, such is not the case; and, therefore, the express permission of Mr. McCroskey is required to extend coverage to Ballard.

The judgment appealed from is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, FAULKNER and JONES, JJ., concur.

---

1. Further, we leave open the question whether the same result would obtain had the evidence shown that the insurer had knowledge that the vehicle was primarily used in the partnership business.