## HARTFORD ACCIDENT & INDEMNITY CO. v. JASPER et al.

### No. 10580.

Circuit Court of Appeals, Ninth Circuit.

Aug. 3, 1944.

Rehearing Denied Sept. 9, 1944.

James Arthur Powers, of Portland, Or., for appellant.

McCamant, King & Wood, Borden Wood, and Robert S. Miller, all of Portland, Or., for appellees Jasper and Brown.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

This is an action for a declaratory judgment.

Briefly, the facts are: The appellant insurance company issued to Harold E. Wells a policy of automobile liability insurance which contained what is known as an "omnibus" provision, which extends the insurance coverage in addition to the named insured [Wells] to any person using the automobile provided the actual use is with the permission of the named insured. On June 28, 1942, Dake, an employee of the named insured, while driving the insured truck, was involved in a collision, which, resulted in the death of Emmett C. Jasper. One of the appellees is the administrator of his estate. Others were injured and they asserted claims against Wells as owner of the truck and against the appellant insurance company.

The action was tried by the court without a jury. The trial court found that the insured truck in this case was being used with the permission of the named insured.

■ There are two questions raised on this appeal. The first is whether the judgment in the action of Edward J. Jasper, administrator of the estate of Emmett C. Jasper, deceased, vs. Harold E. Wells and Charles M. Dake, tried in the Circuit Court of Clatsop County, Oregon, is res adjudicata as to the appellee here, the administrator of the said Emmett C. Jasper estate. We find no error in the statement of the trial court that the issues decided in the state court are not determinative of this action; that the appellees are not barred from asserting their defenses here; and that there is no estoppel as against the appellees as a result of the said judgment in the state court action. A matter cannot be res adjudicata unless there be identity of the thing sued for, of the cause of action, of the persons and parties, the quality of the persons for and against whom the claim is made, and the judgment in the former action be so in point as to control the issue in the pending one.

■ The second question on appeal— whether Dake was driving with the insured's permission or not—is one of fact.

There was considerable conflict in the testimony. The insured testified that the truck was never used without express permission. Dake testified that he used the truck to go hunting and he used the insured's gun also, and that sometimes he had the insured's express permission but very often he did not.

Testimony shows that in order to transport his crew back and forth to work, the insured used this truck and sometimes he drove and sometimes a member of his crew drove the truck; the employees used the truck to haul furniture and wood. Dake testified he used the truck also to go fishing. The insured did not deny that Dake had used the truck to go fishing and hunting. Dake purchased gasoline for the truck and also for a friend's car from the logging commissary and these purchases were charged and then deducted from Dake's pay check. The insured saw most of these gasoline slips.

■ On the Friday evening preceding the accident, Dake, Sheldon [another employee] and the insured were driving out of the woods. According to the testimony, Dake and Sheldon discussed a hunting trip and there was also some discussion of fixing the horn on the yarder on this trip. It was understood according to the testimony that the truck was to be used for these purposes, on June 28, 1942. We feel that this evidence is substantial and does support the finding of the lower court.

Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reads:

"* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

■ Where there is a conflict in the evidence the findings of the trial court are presumptively correct and should not be disturbed unless clearly erroneous. The findings of fact are to be accepted as true and the sufficiency of the evidence to sustain the finding remains the only consideration of the appellate court. This court has held that the rule is well settled that an appellate court will not disturb findings of the trial court based on conflicting evidence taken in open court except for clear error. Pacific American Fisheries v. Hoof, 9 Cir., 291 F. 306, 308; United States v. Chinook Investment Co., 9 Cir., 136 F.2d 984, 985; Fox et al. v. Summit King Mines, Limited, 9 Cir., 143 F.2d 926, and citations therein. Furthermore, this court in National Surety Company v. Globe Grain & Milling Co. 9 Cir., 256 F. 601, 602, 4 A.L.R. 552, said that even where the appellate court is convinced that the finding could have been

otherwise upon the evidence, the findings of the trial court are conclusive.

The findings of the trial court have the same effect as the verdict of a jury and should not be set aside unless clearly erroneous. 28 U.S.C.A. § 773.

Affirmed.