33 So.2d 344

**SCOTT v. BIRMINGHAM ELECTRIC CO.**

6 Div. 550.

Supreme Court of Alabama.
Jan. 15, 1948.

Jackson, Rives & Pettus, of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

GARDNER, Chief Justice.

In the final analysis this suit is by the Birmingham Electric Company against Porter Scott, resulting in a judgment for the sum of $3500, from which judgment defendant Scott appeals.

That defendant Scott in April, 1945, ran the stop signal at 6th Avenue and 14th Street in the city of Birmingham, Ala-bama, and seriously damaged plaintiff's automobile, driven by its servant or agent E. S. Neighbors, as well as inflicting serious injuries to said Neighbors with probable permanent results, is well established by the proof. Indeed, the evidence justified a submission of the wanton count for the jury's consideration, so far as concerns Scott's conduct.

The suit was instituted by the Birmingham Electric Company under § 312, Title 26, Code 1940 (Cumulative Pocket Part, § 312, p. 129); the said company having settled in full with its agent Neighbors under the Workmen's Compensation statute and seeks to recover for injuries to Neighbors and for his benefit under the general doctrine of respondeat superior.

The proceedings under said § 312 relate to those cases in which the third party is not under the Workmen's Compensation statute, and that presents the privotal question in the case.

There were four refused charges argued under one heading. Refused charges 23 and 24 serve to illustrate the point of the appeal. They are as follows:

"23. The court charges the jury that if you find for the plaintiff under Count A of the complaint and against the defendant, then in such event you cannot award to the plaintiff as damages any amount in excess of $336.28.

"24. The court charges the jury that if you find for the plaintiff under Count B of the complaint and against the defendant, then in such event you cannot award to the plaintiff as damages any amount in excess of $336.28."

As we view it, these charges in substance and effect direct a verdict for any sum in excess of the amount paid under the Compensation statute. They are rested upon the theory that under the undisputed evidence Scott, at the time of the accident, was the servant of the Elliott Grocery Company whose truck he was driving and as a matter of law was at the time of the accident acting in the line and scope of his employment. The trial court submitted that issue for the jury's determination. We are persuaded this action of the court was justified under the evidence. Under

the authorities proof that Scott was the driver of Elliott's truck in the promotion of Elliott's business, suffices to raise an administrative presumption that the driver was acting in the line and scope of his employment at the time. Chandler v. Owens, et al., 235 Ala. 356, 179 So. 256; Ford v. Hankins, 209 Ala. 202, 96 So. 349. But this presumption is a rebuttable one, and if the evidence in rebuttal is undisputed, clear and convincing, the defendant is entitled to the general affirmative charge. If, however, the evidence is in conflict, or if it leads to doubtful inference only, the issue should go to the jury. Toranto v. Hattaway, 219 Ala. 520, 122 So. 816.

In the instant case defendant's counsel insist that notwithstanding Scott had deviated from his duty to Elliott Grocery Company yet, at the time of the accident, he had returned to such duty and that as a matter of law it should be so declared. The court does so declare in certain circumstances, each case resting upon its own peculiar facts. Bell v. Martin, 241 Ala. 182, 1 So.2d 906. Or, as said by the New York court in Riley v. Standard Oil Co., 231 N.Y. 301, 132 N.E. 97, 98, 22 A.L.R. 1382 (cited by counsel) "no hard and fast rule on the subject either of space or time can be applied." In Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A.L.R. 1387, the servant had deviated from his master's business, in going upon a personal mission. Upon returning and near to the master's place of business plaintiff was struck and injured. The holding was that a jury question was presented as to whether or not he was acting within the scope of his employment.

In the instant case there was proof that Scott, a colored boy 19 years of age, was not a regular driver, but did drive the truck at times and was authorized to drive it on this April 16th: that he left Bessemer in the morning and made deliveries of groceries in surrounding territory. He was to go into Birmingham and get groceries from Shaw's warehouse on South 18th Street, but instead he went to the Federal Building on business of his own, that is, to take bankruptcy. He testifies that upon coming from the building it was raining, and as he had no

tarpaulin he decided not to go to Shaw's as he had been told not to let the groceries get wet. So instead he goes into 6th Avenue from 18th Street. He states his intention was to travel 6th Avenue to 9th Street and there turn left into 3rd Avenue and thence on the way to Bessemer.

The hour of the accident nowhere appears in the record except that it was late afternoon. Scott testifies that the hour to return the truck to Elliott was five o'clock, but that he was in no hurry on that account. He further testifies positively there was only one other in the truck, his helper. But there was evidence, if believed, that there were four colored boys or men in the truck as it passed another truck rather rapidly two blocks above the place of the accident, that is at 16th Street. Not only so, but Scott drove at a somewhat similar speed to 14th Street without any notice whatever of the stop signal sign and crashed into the car of plaintiff driven by Neighbors.

In the Edwards case [206 Ala. 1, 89 So. 730], supra, we quoted from the Connecticut court the following excerpt:

"In cases where the deviation is slight and not unusual, the court may, and often will, as matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury or other trier of such questions."

In the case before us Scott, the boy, 19 years of age, had already violated his duty to Elliott in going to see about his personal business at the bankrupt court. Upon leaving there he goes to 6th Avenue, and though he was traveling in a general direction of Bessemer, yet that he intended to turn to the left at 9th Street and go to 3rd Avenue, thence to Bessemer, is left wholly to his own word and nothing more. His testimony is somewhat unsatisfactory and in conflict with a disinterested witness who states there were four colored men

·or boys in the truck. Was Scott in fact ·on his way to Elliott's at Bessemer, or was he again on some personal mission of his ·own? As observed by the New York court in the Riley case, supra, the re-entry of the servant into the master's business ·is not affected by the mental attitude of ·the servant, but "there must be that attitude coupled with a reasonable connection in time and space with the work in which he should be engaged." We are persuaded that the case falls within the two extremes mentioned in the excerpt from the opinion of the Connecticut court, and that a jury ·question was presented.

This conclusion is not in conflict with the authorities noted by defendant, among them: 39 C.J. p. 1298; 35 Am.Jur. § 553; Riley v. Standard Oil Co., 231 N.Y. 301, 132 N.E. 97, 22 A.L.R. 1382; Chandler v. Owens, 235 Ala. 356, 179 So. 256; Penti·cost v. Massey, 201 Ala. 261, 77 So. 675, which we have considered.

True the case is one not free from difficulty, but we entertain the view that a jury question was presented and that no error intervened in the refusal of the charges indicated.

It results the judgment should be affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.