For the purpose of this dissenting opinion, a more detailed statement of the facts than is contained in the majority opinion becomes necessary.
Ruddy, the claimant and the appellee herein, was a long-time employee of the Electrolux Corporation, at Youngstown, which concern was a contributor to the state insurance fund. He was an electric sweeper salesman and serviceman with no fixed situs ofemployment and with no regular hours of work. He secured his customers wherever and whenever he could find them — on the streets, in their places of business and in their homes. *Page 479 
The claimant, 31 years old and unmarried, was an agressive, diligent and successful salesman who on occasion worked far into the night. At the time of his injury he was a participant in a divisional sales contest being conducted among company employees for a substantial prize and then stood third from the top among numerous contestants.
On March 13, 1947, at about 10 p.m., Ruddy had delivered a sweeper to a customer and had then gone to the home of his supervisor on a business matter. The supervisor regaled him with a "pep talk" and urged that he make more sales and deliveries that night.
Ruddy left his supervisor's home at about 10:45 p. m., intending to go to the residence of a Mr. Mogish, who lived in the same neighborhood Ruddy did, to procure an order for a sweeper. En route to the customer's dwelling, claimant stopped at a cafe to purchase a package of cigarettes. While there he ordered two glasses of beer, the second of which he did not finish, and remained about 25 minutes. His employer had no objection to his partaking of alcoholic beverages, provided he exercised discretion in doing so and conducted himself in a decorous manner.
In crossing the street to reach his automobile, Ruddy was struck by a car and sustained the injuries for which the claim for compensation was made.
After his mishap, claimant called his supervisor by telephone at about 11:20 p.m., from the hospital where he had been taken, advising the supervisor of his misfortune and stating that he was probably eliminated from the sales contest.
Upon those facts, should the verdict and judgments establishing claimant's right to participate in the state insurance fund be disturbed?
In the discussion which follows there are two fundamental rules to be kept in mind: *Page 480 
First, because of its remedial character, the Workmen's Compensation Act is to be liberally construed in favor of the employee who is seeking benefits thereunder. Bowling v.Industrial Commission, 145 Ohio St. 23, 60 N.E.2d 245, and 42 Ohio Jurisprudence, 578, Section 5.
Second, it is the peculiar province of the jury to pass upon the credibility of witnesses. 39 Ohio Jurisprudence, 735, Section 144.
Among the Ohio cases touching the subject, counsel for the Industrial Commission rely strongly on Eagle v. IndustrialCommission, 146 Ohio St. 1, 63 N.E.2d 439, while counsel for the claimant argue that Industrial Commission v. Henry, 124 Ohio St. 616,180 N.E. 194, is applicable and supports the judgments of the lower courts.
In the Eagle case, the employee worked in the interior decorating department of the H. S. Pogue Company at Cincinnati and would go from there on call to the homes of customers. On the day she was injured, she had gone on a mission for her employer to Bond Hill. After completing such mission and when returning to the Pogue store she stopped at a restaurant for lunch — a pursuit personal to herself — and, while in the restaurant, slipped and fell. Under such circumstances, a majority of this court held that the employee did not receive an injury in the course of and arising out of her employment and hence was not entitled to a compensation award.
In the Henry case, the employee, a driver of a milk wagon for a dairy company, had entered upon his employment and then went to a nearby restaurant for breakfast. On the way back to the dairy plant to resume his duties, he was struck by a railroad train and died the same day as a result of the injuries received. In those circumstances, this court held that "the *Page 481 
accident arose out of and in the course of the decedent's employment," and that, in determining cases of this type, the nature of the employment, the hours of work and the natural and ordinary conduct of persons engaged in the kind of work involved should all be taken into account.
So far as the writer can discover, no case closely resembling the instant one on its facts has been before this court. However, courts in other jurisdictions have been faced with somewhat similar situations and the trend of the more recent holdings is that, where an employee has deviated from the course of his employment on a pursuit of a personal nature and is injured when in the immediate act of returning to his employment, the injury is one for which the employee may successfully claim a compensation award.
Thus, in 58 American Jurisprudence, 744, Section 240, the statement is made:
"Where a servant has deviated from his employment to go on a personal errand, but has accomplished his purpose, and has, at the time an accident occurs, started back toward the place where he is to do some act or perform some service for his employer, the injury has been held to have arisen out of and in the course of the employment, notwithstanding such deviation."
See, also, the following cases: Scott v. Birmingham ElectricCo., 250 Ala. 61, 33 So.2d 344; Tinsman Mfg. Co. v. Sparks,211 Ark. 554, 201 S.W.2d 573; Loper v. Morrison, 23 Cal.2d 600, 145 P.2d 1; Beem v. H.D. Lee Mercantile Co.,337 Mo., 114, 85 S.W.2d 441, 100 A.L.R., 1044; Oram v. Byron G.Moon Co., Inc., 285 N.Y. 42, 32 N.E.2d 785; Richards v.Creamer, 46 N.Y. Supp. (2d), 769, motion for leave to appeal denied, 293 N.Y. 937, 55 N.E.2d 757; Railway Express Agency,Inc., v. Lewis, 156 Va. 800, *Page 482 159 S.E. 188, 76 A.L.R., 350. Compare Martin v. J. Lovibond Sons, Ltd. (1914), 2 K.B., 227, 6 British Ruling Cases, 466.
Conceding in the present case that Ruddy did deviate from his employment by going to the cafe for personal reasons, he was injured after the personal mission had ended and at a time when he was approaching his automobile with the purpose and intent of continuing his journey in the interests of his employer to sell a sweeper. The evidence is certainly open to that interpretation.
Putting it in another way, the main objective of the claimant's journey from his supervisor's home on the night of March 13, 1947, was to go to the residence of a prospective purchaser to secure an order for a sweeper and the incidental pause at the cafe should not be held as a matter of law to defeat the right to compensation for the injury sustained in the circumstances under which it was shown to have occurred.
Something of what the writer is attempting to say is expressed in the leading case of Ritchie v. Waller, 63 Conn. 155, 161,28 A. 29, 30, 27 L.R.A., 161, 166, 38 Am. St. Rep., 361, 365, where the court stated in the opinion:
"In cases where the deviation is slight and not unusual, the court may, and often will, as matter of law, determine that the servant was still executing his master's business. So too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury * * *."
In decisions under the Workmen's Compensation Act, this court has recognized that whether a workman is in the course of his employment at the time of an injury is often a question of fact.Kasari v. Industrial *Page 483 Commission, 125 Ohio St. 410, 414, 181 N.E. 809, 811, 82 A.L.R., 1040, 1043.
"Any reasonable doubt as to * * * what particular time or moment an employee resumes his former duties as an employee performing duties for his employer, in view of this state's policy of liberal construction in favor of the employee, should be resolved in favor of the employee." California Cas. IndemnityExchange v. Industrial Accident Commission, 21 Cal.2d 751,760, 135 P.2d 158, 164.
So, here, a jury question was presented as to whether the injury arose out of and in the course of the employment, and the jury having resolved that issue in claimant's favor, a reviewing court should not interfere.
Strength is lent to the position taken when one bears in mind the nature and type of work in which Ruddy was engaged as a roving salesman over a wide territory and that he had no fixed place of work and performed the duties of his employment at all hours of the day and night.
Upon the basis of what has been said, my vote must be recorded for an affirmance of the judgment of the Court of Appeals.
STEWART, J., concurs in the foregoing dissenting opinion.