48 So.2d 41

**STATE FARM MUT. AUTO. INS. CO. v. BIRMINGHAM ELECTRIC CO.**

**6 Div. 716.**

Supreme Court of Alabama.
Oct. 12, 1950.

Herbert W. Peterson and Jackson, Rives & Pettus, all of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

LAWSON, Justice.

The State Farm Mutual Automobile Insurance Company issued a policy of liability insurance to the Elliott Grocery Company, of Bessemer, Alabama, covering certain motor vehicles owned by that company.

On or about April 16, 1945, one of the motor vehicles covered by that policy was involved in a collision at the intersection of Sixth Avenue, North, and Fourteenth Street in the city of Birmingham. It was being driven at the time by Porter Scott, a colored employee of Elliott Grocery Company.

The other motor vehicle involved in the collision was owned by the Birmingham Electric Company and was being driven at the time by its employee, E. S. Neighbors. The automobile of the Birmingham Electric Company was badly damaged and Neighbors seriously injured.

Thereafter, on or about April 15, 1946, the Birmingham Electric Company on its own behalf and on behalf of its injured employee, Neighbors, instituted suit in the circuit court of Jefferson County against Porter Scott, the Elliott Grocery Company, and the State Farm Mutual Automobile Insurance Company

Prior to going to trial, the plaintiff, the Birmingham Electric Company, struck all parties defendant except the driver of the truck, Porter Scott.

Notwithstanding the fact that the insurance company and its insured had been stricken as parties defendant, the insurance company employed attorneys and defended the suit against Scott. Before doing so, however, it obtained from Scott what is known as a non-waiver agreement, by the terms of which it was stipulated in substance and effect that, by defending the suit, it did not waive its right to rely upon each and every provision of the policy nor waive the right of the insurance company to deny liability at any time under any policy or policies of insurance issued to the Elliott Grocery Company.

Although the Elliott Grocery Company had been stricken as a party defendant, one of the issues under the pleadings was whether or not Scott was under the Workmen's Compensation Act, Code 1940, Tit. 26, § 1 et seq. at the time of the collision and the answer to this question depended on whether or not Scott was acting within the line and scope of his employment at the time of the collision.

That question went to the jury and by their verdict the jury indicated that under the evidence presented Scott was not, at the time of the collision, acting within the line and scope of his employment.

From the judgment of $3,500 against him, Scott appealed to this court. We affirmed. Scott v. Birmingham Electric Co., 250 Ala. 61, 33 So.2d 344.

Following the return of "no property found" upon the execution issued under the judgment against Porter Scott, the judgment creditor, Birmingham Electric Company, instituted this suit against State Farm Mutual Automobile Insurance Company, which company, as heretofore shown, had issued the Elliott Grocery Company its policy of liability insurance covering the vehicle which was driven by Scott.

The plea of defendant was the general issue in short by consent, with the usual leave to give in evidence any matter which would be good in bar if specially pleaded.

The insurance policy contained what is commonly called an omnibus coverage clause: "The unqualified word 'insured' wherever used * * * includes the named insured and, except where specifically stated to the contrary, also includes any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

Plaintiff's right to recover depended entirely upon whether or not at the time of collision Porter Scott was using the truck with the permission of Elliott Grocery Company, within the meaning of the omnibus clause of the insurance policy.

There was verdict for plaintiff. The defendant insurance company prosecutes this appeal from the judgment rendered thereon.

Counsel for appellant argues in brief that "the issue of whether or not an employee is driving his employer's automobile at the time of an accident within the line and scope of his employment, or has deviated therefrom, and the issue of whether or not he is driving the automobile with the permission of the employer, are substantially identical." From this premise it is argued that the judgment in the case of Scott v. Birmingham Electric Co., supra, was decisive of the sole question presented in this case.

Counsel for appellant also argue that, in any event, refused charges 33, 34, 35 and 38 should have been given. These charges are to the effect that in deciding the issue of permissive use, the jury could not take into consideration whether or not Porter Scott was acting within the line and scope of his employment at the time of the collision because that fact had already been determined by the jury in the case of Scott v. Birmingham Electric Co.

As to the foregoing contentions made by counsel for appellant, we think it sufficient to say that the judgment in the case of Scott v. Birmingham Electric Co., was not in any way decisive of the issues presented in the instant case, if for no other reason than that the parties in the two cases were not the same. Neither the insurance company nor its insured were parties to that suit and there was no privity between the insurance company and Porter Scott. Lunt v. Aetna Life Ins. Co., 261 Mass. 469, 159 N.E. 461. See Vezolles v. Home Indemnity Co., D.C., 38 F.Supp. 455; Hartford Accident & Indemnity Co. v. Jasper et al., 9 Cir., 144 F.2d 266.

Appellant does not contend that Porter Scott had not received the initial permission of the Elliott Grocery Company to use the truck on the day of the collision. Its contention is that at the time of the collision Scott had deviated from the purpose for which such initial permission was granted and in fact was violating an express order not to use the truck for his own personal purposes and that, therefore, Scott was not an additional insured under the omnibus clause of the policy.

The exact point raised here has never been passed upon in this state, and when we look to the decisions in other jurisdictions we find considerable lack of harmony.

The best treatise upon the subject that we have read is the annotation found in 5 A.L.R.2d pp. 600–666. It is there pointed out that in the United States three rules are to be found with reference to when an employee is covered by the omnibus coverage clause in liability insurance policies while driving an automobile owned by the employer and where the employee had received initial permission. The three different rules laid down by the authorities are shown to be: (1) the strict or conversion rule; (2) the liberal rule; (3) the intermediate or minor deviation rule. 5 A.L.R. 2d page 622, § 10.

These rules are described by the annotator as follows:

"First, the strict or conversion rule: For the use of the car to be with the permission of the assured within the meaning of the omnibus clause, the permission, express or implied, must have been given to the employee not only to the use of it in the first instance, but also to the particular use being made of the car at the time in question. In other words, the automobile must have been used for a purpose reasonably within the scope of the permission given, during the time limits expressed, and within the geographical limits contemplated.

"Another view is the so-called liberal rule: The employee need only to have received permission to take the vehicle in the first instance, and any use while it remains in his possession is 'with permission' though that use may be for a purpose not contemplated by the assured when he parted with possession of the vehicle. This rule is based on the theory that the insurance contract is as much for the benefit of the public as it is for the assured and that it is undesirable to permit litigation as to the details of the permission and use.

"The third rule is the moderate or 'minor deviation' rule: A slight deviation from the scope of the authority or permission granted will not be sufficient to exclude the employee from the coverage under the omnibus clause, but a material deviation will be held to constitute a use of the automobile without the employer's implied permission. This view is obviously difficult of application, because the question to be answered is whether the deviation from the authorized use was slight or gross, and that turns on the facts of each case. The extent of the deviation in actual distance, the purpose for which the vehicle was given, and other factors, must be taken into consideration." 5 A.L.R.2d 622.

It is also stated in § 20, page 651 of 5 A.L.R.2d that: "Where the employer has expressly forbidden his employee to use the employer's automobile for his own personal purposes, such use of the automobile by the employee in violation of orders is not deemed to be one with the permission of the employer within the meaning of the omnibus clause of the liability insurance policy."

It does not seem just to declare that there is no coverage when the employee has made a minor deviation from the scope of his original permission and, on the other hand, it likewise does not seem just to declare there is coverage provided where there is initial permission to use the automobile, regardless of how far the employee may have deviated from the scope of his original permission or the purpose for which it was granted. It seems to us that the "minor deviation" rule should be followed.

Porter Scott had been employed by the Elliott Grocery Company for some time as a porter and part-time truck driver. On the morning of the collision, in accordance with instructions from his employer, he drove the truck from Bessemer, Alabama, to a number of outlying communities where he delivered groceries. He left Bessemer at approximately nine o'clock a. m. He finished his last delivery of groceries in the community of Colta sometime between eleven and twelve o'clock. In accordance with the instructions from his employer,

he proceeded from Colta to the city of Birmingham, a distance of approximately forty miles. He was supposed to have gone to Shaw's Warehouse on Eighteenth Street in Birmingham and pick up groceries, which he was to return to his employer's place of business in Bessemer. Upon arriving in Birmingham, he did not go to Shaw's Warehouse, but proceeded to the post office in Birmingham, which is located on Eighteenth Street, and parked the truck in front of the courthouse on Eighteenth Street between Fifth and Sixth Avenues, North. His purpose in going to the post office was to file petition in bankruptcy. He was on no business of his employer while he was in the post office building, where he remained approximately thirty minutes. To this extent he was violating the orders of his employer that he was not to use the truck for his own personal business.

After leaving the post office he returned to his truck. It was raining. He had no cover for the truck and, according to his testimony, he did not go to Shaw's Warehouse to pick up the groceries because he had instructions that he should not do so when it was raining and he had nothing to protect the groceries on his truck from the weather. Consequently, he proceeded north on Eighteenth Street until he reached Sixth Avenue, where he turned left in a westerly direction, which was generally in the direction of the place of business of his employer, until he reached the point of the collision at the intersection of Sixth Avenue and Fourteenth Street. The testimony of Scott is clear to the effect that he was returning to his place of employment. The testimony of two other witnesses is to the effect that the route which Scott was following was "about as direct a route as he could take from the post office to Bessemer."

True, Scott had violated the instructions of his employer to the extent that he had stopped his truck in front of the post office. However, if the jury believed the evidence to the effect that at the time of the collision Scott was driving the truck back to his employer's place of business, then he was not violating any express order of his employer at the time of the collision.

We are of the opinion that the evidence in this case amply justified a finding by the jury that at the time of the collision Scott was returning the truck to his employer's place of business, in accordance with instructions given to him, and that in doing so he was driving the truck with the permission of the Elliott Grocery Company within the meaning of the omnibus clause of the insurance policy.

The judgment of the trial court is affirmed.

Affirmed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.