EMBRY, Justice.
United States Fidelity and Guaranty Company (USF&G) filed a declaratory judgment action to determine its rights and obligations under a policy of insurance issued by it to Bridewell Brothers Contracting Company, a partnership composed of Bob and Dave Bridewell. USF&G asked the trial court to declare that it had no duty *1370 to defend, or pay any judgment rendered, in two civil actions for damages filed against Bridewell Brothers, Thomas A. Bill-ingsley and others. The trial court decreed that USF&G had a duty to defend and pay any judgment rendered against Billingsley in those civil actions. We affirm but modify the trial court’s judgment.
Issues Presented for Review
(1) Is there credible evidence to support the trial court’s finding that Thomas A. Billingsley had implied permission of Bride-well Brothers to use its truck on the occasion in question?
(2) Did the trial court use overly inclusive language in its decree by stating USF&G “is under a duty to pay any judgment rendered against the said Thomas A. Billings-ley in said civil actions”? (Emphasis added.)
The Facts
This declaratory judgment action arises out of two underlying lawsuits brought by Billy Dwayne Wilson (a minor) and Billy Wilson (the minor’s father) for recovery of damages on account of personal injuries suffered by Billy Dwayne Wilson while he was a passenger in a motor vehicle owned by Bridewell Brothers and being driven by one of its employees, Thomas A. Billingsley. The trial court granted an injunction staying these other suits pending resolution of this action.
Bridewell Brothers loaned a truck to its employee Billingsley with the express instruction not to drive the truck for personal purposes except to go to and from work. For approximately four months Billingsley had access to the truck after working hours. It is clear from the evidence that Billingsley was in the habit of using the truck for personal purposes other than going to and from work. At the time of the accident, Billingsley was using the truck for a non-business purpose, and he was not going to or from his place of employment.
The evidence in this case is not clear as to the extent of the partnership’s knowledge of Billingsley’s personal use of the truck. There is evidence that Billingsley’s supervisor had knowledge of at least two occasions where Billingsley used the truck for personal purposes other than going to or from work. The supervisor did not reprimand Billingsley after either occasion. There is also evidence that one of the partners in the business saw Billingsley driving the truck against company orders prior to the accident; yet Billingsley was not reprimanded.
On one occasion, however, Billingsley was reprimanded for using the truck for personal purposes. This reprimand was given by Billingsley’s supervisor when Billingsley was late for work on an occasion prior to the accident; however, the truck was not taken away from him.
The evidence is clear that Billingsley was only given express permission to drive the truck to and from work; furthermore, it was expressly against Bridewell Brothers company policy to allow its trucks to be used for personal business of the employees. The evidence is also clear that Billingsley knew that he was not to use the truck except to go to and from work and for Bridewell Brothers business.
The provision of the Bridewell Brothers insurance policy at issue in this case reads as follows:
“II Persons Insured
“Each of the following is an insured under this insurance to the extent set forth below:
******
“(c) any other person while using an owned automobile or a hired automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission * *
The Opinion
USF&G concedes that “permission,” within the meaning of an omnibus clause, may be implied and may be inferred from the facts and circumstances of a given case. See e. g., Pettis v. State Farm Mutual Automobile Insurance Company, 286 Ala. 344, 239 So.2d 772 (1970); Harrison v. Densmore, 279 Ala. 190, 183 So.2d 787 (1966); Alabama Farm Bureau Mutual Cas. Ins, Co. *1371 v. Robinson, 269 Ala. 346, 113 So.2d 140 (1959). However, USF&G contends there was no credible evidence to support the trial court’s finding that implied permission was given by Bridewell Brothers to Billingsley; therefore, the trial court’s judgment was palpably erroneous. Reluctantly, however, we cannot agree.
In Robinson, supra, this court stated that one could be found to have the implied permission of another to use the other’s automobile for his own pleasure and purposes if there was evidence tending to show a course of conduct or practice known to the owner and acquiesced in by that owner, or by someone having authority to give permission. USF&G contends there was no credible evidence of any such course of conduct or practice, and certainly no credible evidence of acquiescence. While we most certainly agree that this case is a very close one, we cannot say there was no credible evidence to support a finding by the trial court of implied permission; therefore, we must affirm under the tenets of the ore tenas rule. See Whitt v. McConnell, 360 So.2d 336 (Ala.1978).
As to the issue raised by USF&G concerning the overbreadth of the trial court’s judgment, appellees agree the judgment is overly broad when it provides:
“ * * * and the said United States Fidelity and Guaranty Company is under a duty to pay any judgment rendered against the said Thomas A. Billingsley in said civil actions.” (Emphasis added.)
Therefore, the judgment should be modified and corrected to read:
“ * * * and the said United States Fidelity and Guaranty Company is under a duty to pay any judgment, within the amounts or limits of the insurance policy, rendered against the said Thomas A. Bill-ingsley in said civil actions.” (Emphasis added.)
For the reasons assigned the judgment below is hereby modified to the extent indicated and is hereby affirmed as modified.
MODIFIED AND AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and BEATTY, JJ., concur.