MADDOX, Justice.
This is an appeal from a judgment in a declaratory action brought to determine whether coverage existed under an automobile liability insurance policy. The trial court declared that there was no coverage. We affirm.
The appellant/plaintiff, Cathy Sleight, sued John Butera and his insurer, State Farm Mutual Automobile Insurance Company, after she was injured in an automobile accident. She claimed the accident was caused by one of Butera’s employees, Joe Kirby, who was driving an automobile belonging to Butera. At the time of the accident, the car was “for sale” and was kept at a local gasoline station. The key was placed inside the car so that those interested in buying it could drive it.
The dispositive issue is whether Kirby had implied permission to drive the car. If he did have permission, the accident would be covered under the omnibus clause of the State Farm policy, which provides:
“When we refer to your car ... insured means: ... (4) Any other person while using such car if its use is within the scope of consent of you or your spouse.”
The trial judge held in favor of Butera and State Farm and granted a permanent injunction to prevent Sleight from pursuing her personal injury action against Butera. He found that Butera had given Kirby neither express nor implied permission to use the automobile. Sleight appeals from the judgment declaring that there was no coverage and from the injunction.
Appellant correctly contends that “permission” within the meaning of an omnibus clause may be inferred from the facts and circumstances of a given case, United States Fidelity & Guaranty Co. v. Billingsley, 376 So.2d 1369 (Ala.1979), and that implied permission may be proven by circumstantial evidence. “Usually an implied permission arises from a course of conduct of the parties over a period of time prior to the use in question.” Alabama Farm Bureau Mutual Casualty Insurance Co. v. Robinson, 269 Ala. 346, 113 So.2d 140 (1959).
*618 In a case tried ore tenus, as this one was, the findings of the trial judge are entitled to a presumption of correctness and will not be disturbed on appeal unless plainly wrong or manifestly unjust. Cupps v. Upton, 489 So.2d 544 (Ala.1986). In this case, we find credible evidence to support the factual findings of the trial judge and we conclude that the factual findings support the judgment. His judgment was not plainly wrong or manifestly unjust.
In order to support an inference that one had implied permission to use the automobile of another for his own purposes, there must be a course of conduct engaged in by the parties over a period of time prior to the use in question or else there must be particular circumstances to justify an inference of implied permission. When one relies on a “course of conduct,” the evidence must tend to show a course of conduct or practice on the part of the person whose permission must be had, with knowledge of the existing facts and circumstances, that supports a reasonable inference of permissive use of the automobile. Pettis v. State Farm Mutual Automobile Insurance Co., 286 Ala. 344, 239 So.2d 772 (1970).
There was evidence presented that Butera had not given Kirby permission to drive the car on the date of the accident or at any time prior to that date. Kirby testified that he had never been given express permission to drive the car. Butera testified that, although he knew that Kirby had used the car on one previous occasion, after that occasion he (Butera) had left instructions with an employee of the station that anyone else asking to use the car should be refused and told the car was “broken.” Kirby testified that he never told Butera that he had ever driven the car until after the date of the accident with Sleight. But-era’s girlfriend, Rhoda Thompson, testified that she told Kirby in the past not to use the car.
There was other evidence that Kirby “ran” the field operations of Butera’s construction business, that he had broad authority in regard to the business, and that he regularly used the vehicles and equipment involved in the business. However, there was also evidence that the car was not being used for business purposes at the time of the accident, and that the car had apparently not been used in Butera’s business at any time. Butera did not reprimand Kirby after he first drove the car, and did not after Kirby was involved in the accident. Regarding use of the car by others, there was testimony that Butera’s brother had driven the car on one occasion.
We hold that these facts provided credible support for the trial court’s judgment. The trial judge could have found from the evidence, and he did find, that no “course of conduct was engaged in by the parties over a period of time,” and that there were no “special circumstances to show a course of conduct or practice on the part of the person whose consent was necessary (in this case Butera).” Pettus, supra.
Sleight relies heavily on United States Fidelity & Guaranty Co. v. Billingsley, 376 So.2d 1369 (Ala.1979), for her contention that the evidence showed the necessary consent. We find that case distinguishable. In Billingsley the employee had access to a truck that he was to drive only to and from work; however, he had been using it after work hours for over four months. The evidence there showed that the employer had notice of at least two occasions on which the truck had been used for personal purposes. Evidence also tended to indicate that the employer had notice of an improper use on at least two other occasions. No steps were taken to stop the employee from using the truck after business hours for personal purposes, although he was reprimanded once. The trial court held that implied permission had been given. This Court agreed “reluctantly” that the evidence supported that factual finding, writing: “While we most certainly agree that this case is a very close one, we cannot say there was no credible evidence to support a finding by the trial court of implied permission; therefore, we must affirm under the tenets of the ore tenus rule.” 376 So.2d at 1371 (emphasis in original). The evidence here of the insured’s permission *619 was even sparser than it was in Billings-ley, and in Billingsley there is nothing to suggest that the facts would have required a finding of permissive use. In the present case the ore tenus presumption is applicable to sustain the trial judge’s finding of no permission and, therefore, its conclusion that there was no coverage.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and HOUSTON, JJ., concur.