JONES, Justice.
This is an appeal from a judgment entered in favor of the defendants in a declaratory judgment action filed by Universal Underwriters Insurance Company (“Universal”). We affirm.
Randall Scott worked as a mechanic for Edwards Dodge, Inc., an automobile dealership in Montgomery, Alabama. On May 27, 1986, Scott was picked up by the Edwards Dodge service manager to return to the dealership after hours to work on an Edwards Dodge employee vehicle. When Scott finished the work, he drove himself home in a car he was considering purchasing, so that he could show it to his wife. The testimony of several witnesses established that the Edwards Dodge service manager and the owner of the dealership told Scott to take the car home to show to his wife, not to “race it all over the place” because it was a “souped up” car, and to bring the car back to work the next day. Scott took the car home, but then left home and picked up a friend, James Sherrill.
With Sherrill as a passenger, Scott took the car on an interstate highway near Montgomery. At a speed of somewhere between 75 and 100 miles per hour, Scott lost control of the car and the car left the road. Scott later died from the injuries he received as a result of the accident, and Sherrill was seriously injured.
Sherrill and his wife sued Edwards Dodge, Inc., and the estate of Randall Scott. Edwards Dodge was insured by the plaintiff in the instant case, Universal Underwriters Insurance Company. Universal was required to defend the estate of Randall Scott and to pay damages resulting from any judgment against Scott’s estate.
Universal maintained that its duty to defend had been negated by the conduct of Scott. The terms of the policy issued by Universal to Edwards Dodge contained an “omnibus” clause that limited Universal’s liability to damages and injuries occurring when a paid employee {e.g., Randall Scott) of the insured (e.g., Edwards Dodge) was operating the automobile within the scope of the permission granted the employee by the insured.
By agreement of the parties, a single issue was presented to the jury: “Was Randall Scott, at the time of the accident on May 27, 1986, operating a 1985 Dodge Omni within the scope of permission given him by Edwards Dodge’s president, Larry Edwards?” The jury answered the question in the affirmative, and the trial court entered judgment on the jury’s verdict. Universal’s post-judgment motions for JNOY/new trial were denied, and this appeal followed.
On appeal, Universal contends that the trial court’s refusal to grant its post-judgment motions and to overturn the jury’s verdict was erroneous for two reasons. First, says Universal, Scott’s use of the Edwards Dodge vehicle was a major deviation from the scope of the permission granted Scott. Universal also contends that the question whether Scott’s conduct was in any degree outside the scope of permission given was a question of law for *925 the trial court’s resolution, there being no evidence of contradictory facts regarding Scott’s unauthorized use of this car. We disagree.
The evidence is clear that Scott was given permission to take the car home by Larry Edwards — president of Edwards Dodge and a named insured in the Universal policy. Additional testimony revealed a factual dispute as to the extent of the permission given Scott by the insured. There was sufficient evidence regarding the limits (or the lack of limits) on the permission given Scott regarding the use of the automobile to present a question of disputed fact to the jury and, therefore, to preclude the trial court’s entry of a directed verdict or a JNOV on behalf of Universal on this issue. The case law in Alabama, interpreting the permission necessary to protect insureds such as employee Scott under insurance policies such as the one here, has established that such permission may be express or implied. American Mutual Liability Ins. Co. v. Milwaukee Ins. Co. of Milwaukee, 283 Ala. 414, 218 So.2d 129 (1969). Too, that permission — including implied permission — may be inferred from the facts and circumstances of the case, and that implied permission may be proved through circumstantial evidence. Sleight v. State Farm Mutual Automobile Co., 516 So.2d 616 (Ala.1987).
The record before us on appeal contains sufficient “facts and circumstances” for a jury to reasonably infer that the accident occurred while Scott was operating the automobile within the permission granted— express and implied. The Edwards Dodge service manager, Tom Portero, and Larry Edwards testified that they expected prospective car buyers to test-drive the car at various speeds and under various conditions (including on an interstate-type highway). Larry Edwards testified that past prospective buyers had been allowed to drive cars home for overnight test-driving purposes. Mr. Portero also testified that Scott was given permission to test-drive the car and was restricted only by the instruction not to “race” the car. In fact, the area of highway where this accident occurred was a customary route for Edwards Dodge sales personnel taking potential buyers on test drives.
It is clear from the trial court’s order disposing of Universal’s post-judgment motions that it correctly applied well-established Alabama law regarding “deviations” from conduct for which permission has been given under circumstances such as these. We agree with the trial court that, under the facts of this case, there was substantial evidence to support the defendants’ position and the jury’s verdict that “any deviation by Randall Scott was ‘minor’ and, therefore, the subject policy would cover” the damages resulting from this accident. State Farm Mutual Automobile Ins. Co. v. Birmingham Electric Co., 254 Ala. 256, 48 So.2d 41 (1950). Conversely, we hold that the evidence before the trial court was insufficient to require a finding, as a matter of law, that Scott’s conduct amounted to a major deviation from the permission given.
Universal’s second argument on appeal attacks an evidentiary ruling made by the trial court. At trial, the defendants elicited testimony, over objection from Universal, from Universal regional representative, Tom Dean, that Universal, through Dean’s efforts, had paid $1,000 to the Sherrills and to Randall Scott’s widow under the medical payment provisions of the subject policy. Unlike policies that provide payment for medical claims regardless of the manner of the use of the automobile, the instant policy allows medical payments only if the operator of the automobile was acting within the scope of permission at the time of the accident. Although Dean testified that he attempted to regain the monies paid to the Sherrills and to Mrs. Scott because, he said, the payment had been made “erroneously” and “by mistake,” Dean also testified that the adjuster he had hired to investigate this accident had questioned Larry Edwards on two occasions and that, after a thorough examination, Dean had made the decision to pay the medical benefits.
Universal claims that, although the trial court stated otherwise in overruling Universal’s objection and in charging the jury, *926 the effect of allowing the evidence of Universal’s paying the medical benefits to the Sherrills and Mrs. Scott was to create coverage where none existed, through estop-pel. We disagree.
While we do not find an Alabama ease addressing this evidentiary question, we find helpful the holding in the three federal cases presented to the trial court in support of the defendants’ position on this issue: Mutual Life Insurance Co. of New York v. Frost, 164 F.2d 542 (1st Cir.1947); Travelers Ins. Co. v. Drake, 89 F.2d 47 (9th Cir.1937); and London Guarantee & Accident Co. v. Woelfle, 83 F.2d 325 (8th Cir.1936).
A detailed discussion of these three cases is not necessary for our resolution of this issue. Suffice it to say that the holding in each case is to the effect that evidence of payment of benefits under a policy of insurance, made after a thorough and complete investigation of the issues affecting coverage (as the payment in the instant case appears to have been made), is admissible at trial as an admission against interest.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and KENNEDY, JJ., concur.