662 So.2d 224 (1995)
Robin Bruce LOWERY and Reliable Tin Shop, Inc.
v.
Deborah Hopkins WARD and Bruce Ward.
1940137.
Supreme Court of Alabama.
March 31, 1995.
On Application for Rehearing May 19, 1995.
William W. Lawrence of Wooten, Thornton, Carpenter, O'Brien, Lazenby & Lawrence, Talladega, for Appellants.
Lloyd W. Gathings of Emond & Vines, Birmingham, and Jonathan W. Gathings, Moody, for Appellees.
HOUSTON, Justice.
The defendants, Robin Bruce Lowery and Reliable Tin Shop, Inc. ("Reliable"), appeal from a judgment entered on a $100,000 jury verdict in favor of the plaintiffs, Deborah Hopkins Ward and her husband, Bruce Ward, in this negligence action arising out of an automobile accident. We reverse and remand.
*225 The defendants argue that the trial court erred in allowing the plaintiffs to introduce evidence of, and to comment on, the fact that the defendants had liability insurance coverage through Alfa Insurance Company ("Alfa") and that Alfa had paid for the damage to the plaintiffs' automobile.[1] Specifically at issue are Ms. Ward's testimony concerning Alfa's payment and concerning two documents, which were admitted into evidence and commented on by the plaintiffs' attorney over the defendants' objection and motion for mistrial. The first of these documents was an acknowledgment by the plaintiffs of their receipt of a payment from Alfa for damage to their automobile:
 "ADVANCE PAYMENT AGREEMENT
 (This is not a Release)
"POLICYHOLDER Reliable Tin Shop CLAIM NO. A0990951
DRIVER Bruce Lowery ADJUSTER Arthur Young
INJURED PARTY Deborah Ward
"I/We hereby agree and understand that any [money] paid to or for me/us on behalf of
Reliable Tin Shop & Bruce Lowery is to be deducted from the total amount of any final
settlement or judgment in my/our favor for alleged damages resulting from an accident
on
"August 31, 1991 at I-20 near Leeds, Alabama.
 "Signed /s/ Deborah Ward Date 11-20-91
 "Claimant
 "Signed /s/ Bruce Ward Date 11-20-91
 "Spouse
 "SCHEDULE AND RECEIPT OF PAYMENTS
"DATE AMOUNT RECEIVED RECEIPT ACKNOWLEDGED
10-16-91 5461.59 X___________________"
The second document was a letter from an Alfa claims adjuster to the plaintiffs' attorney:
 "Dear [plaintiffs' attorney]:
 "Please find the attached draft for additional damage to your clients' vehicle.
 "Please advise as to the status of your client's B.I. claim.
 "Sincerely,
 "/s/ Arthur Young
 "Arthur Young
 "Claims Adjuster"
It has long been the general rule in Alabama that the admission of evidence or the making of comments indicating or suggesting to the jury that a civil defendant is indemnified in any degree or fashion by an insurance company is prejudicial and constitutes reversible error. See, e.g., Wiggins v. Perlman, 583 So.2d 269 (Ala.1991); Partridge v. Miller, 553 So.2d 585 (Ala.1989); Cook v. Anderson, 512 So.2d 1310 (Ala.1987); Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala.1978); J. Colquitt, Alabama Law of Evidence, § 4.11 (1990); C. Gamble, McElroy's Alabama Evidence § 189.04(1) (1977). It is equally well settled that evidence of a defendant's offer to pay, or payment of, medical, repair, and similar expenses made in an attempt to compromise or to settle a claim, whether before or after litigation is commenced, is not evidence of an *226 admission of liability and is generally inadmissible. See, e.g., Georgia Casualty & Surety Co. v. White, 582 So.2d 487 (Ala.1991); Harris v. M & S Toyota, Inc., 575 So.2d 74 (Ala.1991); Kohn v. Johnson, 565 So.2d 165 (Ala.1990); Ocean Cruise Lines, Inc. v. Abeta Travel Service, Inc., 562 So.2d 205 (Ala. 1990); Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala.1987); Colquitt, Alabama Law of Evidence, supra, §§ 4.8 and 4.9 ("The obvious purpose of the rule is to enable parties to provide assistance in the form of advanced payments to injured or damaged parties without that fact being construed as an admission of liability for additional damages."); McElroy's, supra, at § 188.01(1); 29 Am.Jur.2d Evidence § 624 (1967). However, a defendant's express and unqualified admission of responsibility is admissible, even if it is made during settlement negotiations, Kohn v. Johnson, supra, Hughes v. Daniel, 187 Ala. 41, 65 So. 518 (1914); McElroy's, at § 188.01(2), as is evidence that a defendant has liability insurance and that his insurer has paid expenses incurred by the plaintiff (medical, repair, lost wages, etc.), provided the evidence of the insurance and the payment is inextricable or inseparable from other evidence indicating that the defendant expressly admitted liability, so as to give rise to a reasonable inference that the defendant's insurer made the payment in light of that admission. See Cochran v. Watson, 628 So.2d 407 (Ala.1993); see, also, Crump v. Geer Brothers, Inc., 336 So.2d 1091 (Ala. 1976).
The plaintiffs contend that the rule applied in Cochran v. Watson controls under the facts of this case. They argue that Ms. Ward's testimony as to Alfa's payment of the property damage, as well as the two documents set out above, was admissible as evidence of an admission of liability by Alfa on the part of the defendants.
The defendants contend that neither they nor Alfa ever admitted liability for any damage or injury incurred by the plaintiffs as a result of the automobile accident. They argue that the documents in question contain no language indicating that they admitted liability, and they point to the fact that in their answer they denied liability and raised the affirmative defense of contributory negligence. The defendants maintain that this case is controlled by those well-established cases prohibiting the injection into a trial of the fact of liability insurance through the introduction of evidence of a partial payment made by a defendant's liability insurance carrier during the settlement process. We agree.
The record indicates that the trial court specifically relied on Cochran v. Watson as authority for admitting the evidence in question. In Cochran, the plaintiffs sued Ray Thomas Cochran and the City of Saraland for damages, contending that Cochran, a police officer for the city, had negligently or wantonly caused his police vehicle to collide with their vehicle. From a judgment entered on a jury verdict for the plaintiffs, the defendants appealed. This Court affirmed, stating:
"The City of Saraland and Cochran raise two issues on appeal. The first issue concerns the admissibility of evidence of certain payments made by the defendants' insurance company to Peggy Watson for medical costs incurred as a result of the accident. We find no error in admitting the evidence of these payments, for the following reasons.
"Ms. Watson contends that following the accident she was contacted by The Hartford Insurance Company and that its claims representative told her that the City of Saraland and Cochran were responsible for the accident and that she should submit all medical bills to the claims representative for payment. Watson complied with this request, and all of her medical expenses, with the exception of approximately $190, were paid by Hartford before this action was filed. In addition, Hartford paid Ms. Watson for lost wages and reimbursed her for damage to her automobile that had been caused by the accident. There was further evidence, although disputed, that Officer Cochran admitted liability to Watson's son at the scene of the accident.

"At trial, the defendants filed a motion in limine to suppress evidence of the fact that payments had been made to Ms. Watson *227 with regard to the accident. The defendants argued that the payments were made as an offer to compromise or to settle the dispute and that, therefore, the court should apply the well-established rule that offers to compromise are not admissible.
"`"It is the general rule that evidence of an offer to compromise or settle a disputed claim will not be received as an admission of the party making the offer. An offer of agreement to pay, or even payment, in the way of compromise, is not an admission of indebtedness nor of any fact from which indebtedness may be inferred."
"`Griffin v. Hardin, 456 So.2d 1113, 1116 (Ala.Civ.App.1984). See also Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala.1987), Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649 (1975), and Indemnity Co. of America v. Pugh, 222 Ala. 251, 132 So. 165 (1931).'
"Harris v. M & S Toyota, Inc., 575 So.2d 74, 79-80 (Ala.1991). While clearly this is the rule, the evidence in this case does not support the contention that any payments made to Ms. Watson constituted an offer to compromise; rather, they are inextricable from offered evidence that Cochran and the City of Saraland admitted liability and, therefore, were making payments in light of that admission.
"`It is the law of this state that, where there is no doubt that a proffered statement was an offer of compromise and was made in the negotiation of the settlement of a claim or dispute, it is error to admit such statement into evidence. Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649 (1975); Langham Small Motors v. Thomas, 390 So.2d 1055 (Ala.Civ. App.1980). However, the rule does not apply when the statement made is one [admitting] responsibility. Millsap, 294 Ala. 634, 320 So.2d 649.'
"Creighton v. Norris, 512 So.2d 111, 112 (Ala.Civ.App.1987)."
628 So.2d at 408-09. (Emphasis added.)
After carefully reviewing the record and the briefs, we conclude that the trial court's reliance on Cochran was misplaced. We can find no evidence from which one could reasonably infer that either of the defendants or any representative of Alfa ever admitted liability for the damage or injury sustained by the plaintiffs. Certainly, the documents set out above did not contain an express admission of liability. As previously noted, the "Advanced Payment Agreement" was nothing more than an acknowledgment by the plaintiffs that they understood that the money paid to them ($5,461.59) for the damage to their automobile was "to be deducted from the total amount of any final settlement or judgment in [their] favor for alleged damages resulting from [the] accident." (Emphasis added.) The letter to the plaintiffs' attorney from Alfa's claims adjuster simply accompanied an Alfa check for damage to the plaintiffs' automobile and contained an inquiry as to the status of Ms. Ward's "B.I." (bodily injury) claim. Nothing in that letter can reasonably be construed as an admission of liability.
Contrary to the plaintiffs' contention, the burden rested on them to prove that Alfa had made the partial payment for property damage in recognition of the defendants' liabilitythe defendants had no burden to prove otherwise. See 29 Am.Jur.2d, Evidence supra, § 254 (citing Abney v. Kingsland & Co., 10 Ala. 355 (1846)), wherein it is stated:
"Whether evidence is relevant often depends on other evidence received in the case. Evidence need not necessarily, standing alone, be relevant and material, but it is sufficient if it forms a chain or link which, when connected with other evidence, will be relevant and material. In other words, any legal evidence from which a jury may legitimately deduce a fact in issue is admissible, if, when taken with other evidence in the case, its relevancy appears. However, evidence that is prima facie irrelevant should be rejected unless the person offering it shows how it can be made relevant by connecting it with other facts and circumstances."
See, also, 1 Wigmore, Evidence § 17 (Tiller's rev. 1983) (the party offering evidence bears the burden of laying any necessary factual *228 predicate for its admission); and Colquitt, Alabama Law of Evidence § 1.4. However, the evidence suggests only that Alfa made the partial payment to the plaintiffs in conjunction with ongoing settlement negotiations. Although Alfa could have conceivably concluded early in the settlement process that the defendants were legally responsible for the accident and the plaintiffs' resulting damage or injury, there was no evidence to support such a finding of such a conclusion on Alfa's part. The fact of payment, standing alone, clearly was not sufficient (relevant) to create a reasonable inference one way or the other as to Alfa's assessment of the defendants' liability.
As previously noted, it is highly prejudicial and constitutes reversible error to inject into a trial the fact that the defendant has liability insurance coverage. Furthermore, the policy behind the rule excluding evidence of an offer of settlement or compromise has always been that the prompt extrajudicial resolution of disputes is to be encouraged. Harris v. M & S Toyota, Inc., supra, at 80. The rule argued by the plaintiffs, and apparently adopted by the trial court, allowing the admission into evidence of a partial payment made by a defendant's liability insurance carrier during ongoing settlement negotiations, in the absence of evidence of an express admission of liability, or, at least, of other evidence from which it can be reasonably inferred that the payment was made in recognition of liability, would impermissibly shift the burden of proof from the party offering the evidence to the party objecting to the admission of the evidence; would allow the highly prejudicial fact of liability insurance to be injected into the trial based entirely on speculation; and would operate against this state's policy of encouraging the prompt extrajudicial resolution of disputes.
We note that Universal Underwriters Ins. Co. v. Sherrill, 544 So.2d 923 (Ala.1989), also relied on by the plaintiffs, is distinguishable from the present case. That case involved an action by an insurance company (Universal), seeking a judgment declaring that it had no obligation under the terms of its policy to defend the estate of an employee (Randall Scott) of its insured (Edwards Dodge, Inc.) against a personal injury action filed by the Sherrills. James Sherrill was injured when the vehicle in which he was riding and which Scott was driving went out of control and crashed. Scott died as a result of the injuries he received in the accident. The vehicle was owned by Edwards Dodge. Coverage depended on whether Scott, at the time of the accident, was operating the vehicle within the scope of permission given to him by his employer. The Sherrills were allowed to introduce evidence that Universal had paid $1,000 to them and to Scott's widow under the medical payments provisions of the policy. The policy provided for medical payments only if Scott was operating the vehicle within the scope of his permission at the time of the accident. Universal objected to the evidence, arguing that "the effect of allowing the evidence of [its] paying the medical benefits to the Sherrills and Mrs. Scott was to create coverage where none existed, through estoppel." 544 So.2d at 926. This Court affirmed the judgment in favor of the Sherrills, stating in part:
"Suffice it to say that the holding in each case [three federal cases relied on by the Sherrills] is to the effect that evidence of payment of benefits under a policy of insurance, made after a thorough and complete investigation of the issues affecting coverage (as the payment in the instant case appears to have been made), is admissible at trial as an admission against interest."
544 So.2d at 926.
In Sherrill, Universal was either obligated under the terms of its policy to provide coverage or it was not. Logically, the question of whether Universal, by paying the medical benefits, was attempting to settle or compromise a claim never arose. In the present case, the question at issue was the defendants' legal liability, not the existence of coverage under Alfa's policy. The evidence of payment of the medical benefits in Sherrill was proper, because the payment could be taken as an admission of liability under the terms of the policy. In the present case, however, the plaintiffs failed to show that Alfa, by paying for the damage to the plaintiffs' automobile, was admitting liability and was not merely attempting to settle or compromise *229 the plaintiffs' tort claim against its insureds.
For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ALMON, KENNEDY, INGRAM, and BUTTS, JJ., concur.

On Application for Rehearing
HOUSTON, Justice.
APPLICATION OVERRULED.
MADDOX, ALMON, KENNEDY, and INGRAM, JJ., concur.
COOK and BUTTS, JJ., dissent.
COOK, Justice (dissenting).
This case is controlled by the rule set forth by this Court in Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649 (Ala.1975), and Cochran v. Watson, 628 So.2d 407 (Ala.1993). In those cases this court held that where there is no doubt that the evidence offered is evidence of an offer of compromise it would be error to submit the evidence to the jury. The cases further stand for the proposition that where there is doubt as to the nature of the evidence, and if the case is being tried to a jury, the evidence should be received into evidence with a cautionary instruction to the jurors that if they find it to be evidence of an offer of compromise, then they should not consider it. Neither party urges a contrary position. The issue arises whether under the facts in this case the evidence offered clearly constituted an offer of compromise and thus should not have been admitted into evidence. The majority concludes that the burden was on the plaintiffs to prove that Alfa made the partial payment for property damage in recognition of liability, before the evidence would be admissible without consideration of what I refer to as the second prong of the test. That second prong is that if the evidence presents a factual question as to whether it shows an offer of compromise or shows an expression of liability, then it is admissible, for a determination by the jury as previously indicated. I believe the evidence in this case presents a factual question, and I therefore dissent.
The plaintiffs contend that Mrs. Ward's testimony, as well as the documents admitted into evidence, were admissible as an admission by Alfa of liability, or, alternatively, that the documents create a doubt as to whether they constitute an offer of compromise. There is no question that the documents would be admissible if they constituted an express admission of liability; likewise, there is no question that the documents would not be admissible if there was no doubt that they constituted an offer of compromise. I disagree with the majority opinion, because it fails to recognize the rule of Cochran and Millsap, which allows a factual determination by the jury where there is doubt as to whether the evidence is an express admission or is an offer of compromise. When the evidence is inextricably woven together, as in this case, it becomes a question of fact, to be submitted to the jury with a cautionary instruction. I believe the trial court correctly admitted the evidence. The majority opinion implicitly overrules Cochran and Millsap; I therefore respectfully dissent.
NOTES
[1] The facts surrounding the automobile accident are not pertinent to our resolution of this issue. Suffice it to say that Ms. Ward suffered personal injuries when her automobile collided with a vehicle driven by Lowery and owned by Reliable. Mr. Ward was not involved in the accident; he sued derivatively because of damage he says he incurred as a result of his wife's injuries. We further note that the defendants also argue that the verdict was excessive; however, in light of our disposition of this case, we pretermit any discussion of that argument.