On Return to Remand
HOUSTON, Justice.
The facts and posture of this ease are adequately set out in our previous opinion. See Ex parte Proactive Ins. Corp., 668 So.2d 508 (Ala.1995). In its order on remand, the trial court, after conducting an in camera examination of the five documents presented to this Court “under seal,” as “Exhibit J” to Proactive’s mandamus petition, concluded that the fact of Proactive’s payment of Ms. Brantley’s medical bills should be admissible at trial as an admission of liability. After careful consideration of the trial court’s order and upon further review of our caselaw, we disagree.
Recently, in Lowery v. Ward, 662 So.2d 224 (Ala.1995), this Court held that the fact of payment of medical, repair, and similar expenses made in an attempt to compromise or settle a claim, whether before or after litigation is commenced, standing alone, is not sufficient to create a reasonable inference one way or the other as to a defendant’s assessment of its liability or as to the assessment of a defendant insured’s liability by his insurer. In Lowery, there was no evidence that either of the defendants or any representative of the defendants’ insurer ever admitted liability for the damage or injury sustained by the plaintiffs. Under those circumstances, we agreed with the defendants that the trial court committed reversible error in allowing the plaintiffs to introduce evidence of, and to comment on, the fact that the defendants’ insurer had paid for the damage to the plaintiffs’ automobile. In the present case, as in Lowery, there is no evidence that Proactive has admitted liability for the damages claimed by the plaintiffs. The five documents previously referred to certainly do not evidence such an admission. Two of those documents are items of correspondence between one of Proactive’s former attorneys, Allan R. *513 Wheeler, and one of the plaintiffs’ attorneys, William S. Pritchard, dealing with settlement negotiations. The other three documents are items of correspondence between Mr. Wheeler and John McIntyre of Proactive. Those documents, as disclosed by Proactive in its most recent brief to this Court, clearly indicate that “[the] decision [to pay the bills] was made in order to minimize any possible claim that [Ms.] Brantley would have for mental anguish if she were to prevail on her claim for bad faith” and that “[t]he decision to pay the bills was not an admission of liability but was simply a tactical decision made during the course of litigation.” Therefore, based on Lowery and the cases cited therein, we conclude that the writ is due to be granted. The exclusion of the evidence of Proactive’s payment of Ms. Brantley’s medical bills renders it unnecessary for Proactive’s former attorneys to testify, and the Starnes & Atchison file, at least those documents that have been represented • by Proactive to be the only pertinent documents concerning its decision to pay the bills, is irrelevant (and therefore not discoverable) for purposes of cross-examination.
The trial court is hereby ordered to set aside its order compelling the production of the Starnes & Atchison file. However, nothing in this opinion should be construed as precluding the trial court, on motion by the Brantleys, from examining in camera the entire Starnes & Atchison file in order to determine whether there might be documents, other than those already presented, suggesting that Proactive has recognized its - liability for the damages claimed in this action.
WRIT GRANTED.
MADDOX, SHORES, COOK, and BUTTS, JJ., concur.