STEAGALL, Justice.
The plaintiffs, Renee H. Brantley and her husband Robert S. Brantley, Jr., appeal from a partial summary judgment entered in favor of Proactive Insurance Corporation in an action alleging bad faith refusal to pay claims submitted under a health insurance policy.
Renee Brantley underwent surgery on June 11,1991, for removal of an ovarian cyst; during this surgery, she also had a hysterectomy. The Brantleys submitted to Proactive claims for the expenses incurred in connection with the surgery, for payment under an insurance policy issued in August 1990 by Proactive to Robert Brantley, insuring him and his dependents. The policy contained an *970 exclusion for preexisting conditions; the exclusion provided that “for a period of one year from the effective date of coverage for each covered person, we will not pay any covered expense for such covered person which results from a preexisting condition.” A preexisting condition is defined under the policy as “any symptom or condition incurred, or suffered by a covered person which existed within five years prior” to the effective date of coverage. On August 29, 1991, Proactive denied the claims on the ground that the surgery performed was for a preexisting condition.
On December 20, 1991, the Brantleys sued Proactive, alleging breach of contract and bad faith failure to pay an insurance claim. On April 21, 1992, Proactive paid all the outstanding bills associated with the surgery; it made the payment directly to the health care providers, without notice to the Brant-leys. On May 21, 1993, the trial court entered a partial summary judgment in favor of Proactive on the bad faith claim and made that judgment final pursuant to Rule 54(b), A.R.Civ.P. The Brantleys appeal, arguing that the summary judgment was improper because, they argue, Proactive did not have a lawful basis for refusing to pay their claim and did not properly investigate the claim. The Brantleys also contend that the unconditional payment by Proactive, made without having received any new information after it had initially refused to pay, constituted an admission of liability from which a jury could infer that Proactive knew or should have known that it had no basis for refusing payment; because of our disposition of this case, however, we pretermit discussion of this contention.
A summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.CIV.P. On a motion for summary judgment, the burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact to be considered by the jury. Berner v. Caldwell, 543 So.2d 686 (Ala.1989). When the moving party has made this prima facie showing, the burden shifts to the nonmoving party to show the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). Because this case was filed after June 11, 1987, the nonmoving parties — the Brantleys — had to meet this burden by presenting “substantial evidence.” Ala.Code 1975, § 12-21-12. “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether a summary judgment was proper, this Court must view the evidence in a light most favorable to the nonmoving party. Hall v. Gaines, 613 So.2d 370 (Ala.1993).
The record reveals that Renee Brant-ley’s June 1991 surgery was necessitated because of an acute onset of pain in the left part of her abdomen. Dr. Veren, Renee’s doctor, testified in his deposition that the reason for the surgery was to remove the cyst, but that he also recommended the hysterectomy because of her long-standing physical problems with painful and irregular menstrual periods. Specifically, in September 1989, Renee had been treated for irregular bleeding and pain during her periods. Dr. Veren testified that at that time he thought Renee had either “dysfunctional uterine bleeding or adenomyosis cyst.” Dr. Veren further testified that there was no pathological test performed on Renee at that time and that, without a pathology, he could not definitely say whether Renee had adenomyosis in September 1989. A pathological test performed after the 1991 surgery indicated that Renee suffered from “superficial adenomyo-sis.” Dr. Harry Littleton, a witness for Proactive, testified in his deposition that it was his “feeling” that Renee had had the same symptoms in 1989 that she had in 1991 and that it “was a very good possibility” that the symptoms Renee had in 1989 were caused by adenomyosis, but that there is no way to diagnose adenomyosis without removing the uterus.
The record also reveals that upon submission of Renee Brantley’s claim, the claims processor for Proactive, Marti Koeppe, ordered Renee’s medical records from Dr. Ver *971 en and the hospital where the surgery had been performed. Proactive’s claims supervisor, Karen Spann, testified in her deposition that Proactive had received the medical records from Dr. Veren’s office and the hospital by August 7, 1991, and that she became involved in the case at that time. Spann testified that she reviewed the records and that, in her opinion, the 1989 symptoms were similar to her 1991 symptoms. She also testified that because there was some terminology in Dr. Veren’s notes that she could not read and some that she could not understand, she consulted an independent gynecologist, Dr. Littleton; she testified that she chose Dr. Littleton to help her review the Brantley claim because he was Spann’s personal gynecologist and had reviewed cases for Proactive before. Spann testified that she met with Dr. Littleton and reviewed the policy provisions and the medical records with him and that Dr. Littleton told her that Renee’s surgery was performed because of a preexisting condition. Spann later met with Dr. Littleton to review a letter she had received from Dr. Veren wherein Dr. Veren had stated, in part, that Renee’s condition was not preexisting and should be reevaluated.
Viewing this evidence in a light most favorable to the Brantleys, we conclude that there is a jury question as to whether Proactive had a lawful basis for refusing to pay the claim and as to whether Proactive properly investigated the claim. The summary judgment is reversed, and this cause is remanded for action consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.
SHORES and COOK, JJ., dissent.