HOUSTON, Justice.
Proactive Insurance Corporation (“Proactive”), the defendant in an action pending in the Jefferson Circuit Court, petitions this Court for a writ of mandamus ordering the trial court to set aside its order compelling the production of documents contained in a file prepared by Proactive’s former attorneys in connection with the pending lawsuit. Without now ruling on the petition, we direct the circuit court to reconsider that order.
This is the second time these parties have been before this Court. In Brantley v. Proactive Ins. Corp., 632 So.2d 969 (Ala.1994), we reversed a summary judgment for Proactive on the plaintiffs’ bad faith claim and we remanded the ease for a trial on that claim, as well as on the plaintiffs’ claim alleging breach of contract. Our opinion stated, in pertinent part:
“Renee Brantley underwent surgery on June 11, 1991, for removal of an ovarian cyst; during this surgery, she also had a hysterectomy. The Brantleys submitted to Proactive claims for the expenses incurred in connection with the surgery, for payment under an insurance policy issued in August 1990 by Proactive to Robert Brantley, insuring him and his dependents. The policy contained an exclusion for preexisting conditions; the exclusion provided that ‘for a period of one year from the effective date of coverage for each covered person, we will not pay any covered expense for such covered person which results from a preexisting condition.’ A pre-existing condition is defined under the policy as ‘any symptom or condition incurred or suffered by a covered person which existed within five years prior’ to the effective date of coverage. On August 29, 1991, Proactive denied the claims on the ground that the surgery performed was for a preexisting condition.
“On December 20, 1991, the Brantleys sued Proactive, alleging breach of contract and bad faith failure to pay an insurance claim. On April 21, 1992, Proactive paid all the outstanding bills associated with the surgery; and made the payment directly to the health care providers, without notice to the Brantleys. On May 21, 1993, the trial court entered a partial summary judgment in favor of Proactive on the bad faith claim and made that judgment final pursuant to Rule 54(b), A.R.Civ.P. The Brant-leys appealed, arguing that the summary judgment was improper because, they argue, Proactive did not have a lawful basis for refusing to pay their claim and did not properly investigate the claim. The Brant-leys also contend that the unconditional payment by Proactive, made without [Proactive’s] having received any new information after it had initially refused to pay, constituted an admission of liability from which a jury could infer that Proactive knew or should have known that it had no basis for refusing payment; because of our disposition of this case, however, we pretermit discussion of this contention.”
632 So.2d at 969-71.
After the case was remanded, Proactive filed a motion in limine, seeking to prevent the plaintiffs from presenting evidence at the trial that it had paid the outstanding medical bills associated with Ms. Brantley’s surgery. While that motion was pending with the trial court, Proactive’s attorneys, W. Michael At-chison and Allan R. Wheeler, of the law firm of Starnes & Atchison, withdrew from the case in anticipation that they might have to testify, on Proactive’s behalf, that they had *510 advised Proactive to pay the bills. Proactive took the position that it had paid the bills only upon the advice of its attorneys, not in recognition of any liability, and that the fact of its payment was not relevant as to whether it had had a lawful basis for earlier denying Ms. Brantley’s claim.
The trial court never expressly denied Proactive’s motion in limine; however, according to the plaintiffs, on the day the case was called for trial the trial court “allowed mention of the payment of [the claim] both in the voir dire examination of the prospective jurors and during [the] opening statements by counsel for both the plaintiffs and [the] defendant.” (Emphasis in the plaintiffs’ brief.) The plaintiffs concede, therefore, that the trial court at least “tacitly” denied Proactive’s motion in limine. After a jury had been empaneled and opening statements had been made by both parties, one of the jurors indicated to the trial court that she could not render a fair and impartial verdict. The trial court excused that juror and declared a mistrial. Thereafter, the plaintiffs filed a motion to produce the contents of the Starnes & Atchison file, arguing that that file might contain information that would be helpful to them in cross-examining Atchison and Wheeler at the next trial. Proactive objected to the motion, arguing that the contents of the file were not only irrelevant to any issue in the case, but also were protected from disclosure under either the attomey/client privilege or the attorney’s work product doctrine. The plaintiffs moved to compel production of the documents, and the trial court held a hearing on that motion. The day after the hearing, Proactive wrote a letter to the trial court, offering, apparently for the first time, to produce for an in camera examination certain documents contained in the Starnes & Atchison file relating to the advice Atchison and Wheeler had given Proactive. However, before it received this letter, the trial court ordered Proactive to produce the file. The trial court’s order stated:
“The court has reviewed the [court] file and this motion. It appears from the motion for leave to withdraw filed on May 17, 1994, by counsel for the defendant that the defendant has indicated its counsel may have to testify as a defensive matter. Therefore, this motion is granted and said requested documents are to be produced within ten days.”
Proactive filed a motion asking the trial court to reconsider this order, once again offering to produce what it says were the relevant documents from the Starnes & At-chison file relating to the advice Atchison and Wheeler had given Proactive. The motion stated, in pertinent part:
“The defendant, in support of this motion to reconsider, offers to submit to the court in camera copies of those materials relating to the payment of the claim. These items are described as follows:
“(a) A letter to John Mclntyre[, president] of Proactive dated March 31,1992. “(b) A letter to William S. Pritchard, III, [the plaintiffs’ attorney] dated March 31,1992.
“(c) A letter from William S. Pritchard, III, dated April 3,1992.
“(d) A letter to John McIntyre of Proactive dated April 9,1992.
“(e) A letter from John McIntyre of Proactive to Allan Wheeler dated April 14,1992.
“These constitute all of the communications between Proactive and its former counsel concerning the payment of the claim. All occurred after the lawsuit was filed.”
The trial court denied Proactive’s motion to reconsider the order. Proactive then filed this mandamus petition, pursuant to Rule 21, Ala.R.App.P., attaching “under seal,” as “Exhibit J,” copies of the five documents referred to in its motion to reconsider. It does not appear to us that the trial court has ever examined these documents.
Mandamus is the appropriate vehicle for testing the correctness of an order governing discovery. The question on review here is whether, under all the facts, the trial court abused its discretion in ordering the production of the Starnes & Atchison file. Ex parte Great American Surplus Lines Ins. Co., 540 So.2d 1357 (Ala.1989).
Rule 26(b)(1), Ala.R.Civ.P., provides that “[p]arties may obtain discovery regarding *511 any matter, not privileged, which is relevant to the subject matter involved in the pending action.” Proactive contends that the fact that it paid Ms. Brantley’s medical bills after this action was filed is not relevant with respect to the legitimacy of its earlier decision to deny her insurance claim. Proactive argues, therefore, that the evidence of payment should be excluded at the next trial, on relevancy grounds, and that, if it is, it would not be necessary for its former attorneys to testify, and the Starnes & Atchison file would be rendered irrelevant (and therefore not discoverable) for purposes of cross-examination. In the alternative, Proactive argues that even if the fact of payment of the medical bills is admissible, the contents of the file are protected from disclosure under the attorney/client privilege and/or the attorney’s work product doctrine.
The plaintiffs contend that the fact of Proactive’s payment of Ms. Brantley’s medical bills after this action was filed is admissible as an admission of liability, i.e., as an admission that Proactive had had no legitimate basis for earlier denying the plaintiffs’ claim. They argue that Proactive, by allowing its attorneys to withdraw in anticipation of testifying that they had advised it to pay the claim, waived its right to later invoke the attomey/client privilege. The plaintiffs, although acknowledging that the file they seek contains documents that are normally protected from disclosure under the attorney’s work product doctrine, argue, nonetheless, that they made the requisite showing under Rule 26(b)(3) to support the trial court’s order compelling disclosure.
It is well settled, as Proactive contends, that whether it denied the claim in bad faith must be determined under the particular circumstances existing when it denied the claim. Thomas v. Principal Financial Group, 566 So.2d 735 (Ala.1990). It is equally well settled that, although evidence of an admission by Proactive of liability for not paying the plaintiffs’ claim is admissible against Proactive, evidence of Proactive’s attempt to compromise or settle this action, whether before or after litigation was commenced, by way of an offer to pay or by actual payment, is not evidence of an admission of liability and is not admissible. See Lowery v. Ward, 662 So.2d 224 (Ala.1995), and the cases cited therein. After carefully reviewing the materials presented, and because it appears that the Starnes & Atchison file is discoverable only if the fact of Proactive’s payment of Ms. Brantley’s medical bills is admissible, we are hesitant to reach the issues dealing with the discoverability of the file under the attomey/client privilege and the attorney’s work product doctrine until the trial court has conducted an in camera examination of those five documents referred to by Proactive in its motion to reconsider the order compelling production of the Starnes & Atchison file. A holding by the trial court that the evidence of Proactive’s payment is not admissible as an admission of liability would, of course, make it unnecessary for Proactive to call Atchison and Wheeler to testify; this, in turn, would render it unnecessary for the plaintiffs to seek disclosure of the Starnes & Atchison file.
For the foregoing reasons, we pretermit any discussion at this time as to whether the Starnes & Atchison file is protected from disclosure under either the attorney/client privilege or the attorney’s work product doctrine. We direct the trial court to reconsider its ruling on the admissibility of the fact of Proactive’s payment, in light of the five documents mentioned above. The trial court shall make a return to this Court within 28 days from the date of this opinion, indicating its order on that reconsideration.
RULING ON PETITION WITHHELD PENDING TRIAL COURT’S RETURN.
MADDOX, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.